No. 18.—Solomon Bridges, Thomas B. Lamar and Abner McGehee, executors of Jefferson Lamar, dec'd, plaintiffs in error, *vs.* James Nicholson, administrator of Jesse P. Harrell, dec'd, defendant.

[1.] A security paying off part only of a judgment debt, is not entitled, *at Law*, to control it against his principal.

[2.] Where nominal parties in a case neglect or refuse to answer interrogatories under the *Statute*, the case should not, on that account, be dismissed, to the prejudice of the real persons in interest.

[3.] A judgment, however erroneous, cannot be collaterally attacked; it is good until vacated.

Claim, &c. in Stewart Superior Court. Decided by Judge Kiddoo, April Term, 1856.

An execution in favor of Thomas B. Lamar and Abner McGehee, executors of Jefferson J. Lamar, deceased, *vs.* Ed-

Bridges *et al.* &c. *vs.* Nicholson, &c.

mond C. Beard, administrator of Blount Troutman, deceased, was levied on certain negroes, as the property of the defendant, and a claim was interposed by Solomon Bridges to the negroes.

At April Term, 1856, of Stewart Superior Court, the case came on for trial, when Counsel for claimant moved to dismiss the levy, on the ground that claimant had, at the April Term, 1852, of said Court, filed written interrogatories under the Statute directed to the plaintiffs, and served them on the plaintiffs' Counsel, and which the Court had, at that term, ordered plaintiffs to answer, but which plaintiffs had failed or refused to do. In support of the motion, claimant's Counsel produced an agreement, signed by plaintiff's Counsel, waiving all objections to the irregularity of said order.

Pending this motion, a bill in Chancery was presented to the Court, by James Nicholson, administrator of Jesse P. Harrell, deceased, which charges, that at the August Term, 1839, of said Court, Jefferson J. Lamar recovered judgment on a note against Blount Troutman, as principal, and John Harrell, as security on said note, for $1740, with interest and cost; that an appeal was entered by defendants, during the pendency of which, Jefferson J. Lamar died, and Thomas B. Lamar and Abner McGehee, his executors, were made parties plaintiffs; that at November Term, 1842, Blount Troutman having died, the case was ordered to proceed against the said John Harrall and Jesse P. Harrell, who had become security on the appeal; that plaintiffs recovered judgment at said term, against the said John Harrell and the said Jesse P. Harrell, for the amount of their debt, with interest and costs, and the further sum of eighty-seven dollars for a frivolous appeal; that execution issued in December, 1842, and certain property of John Harrall was sold to satisfy the same, bringing $2280 ; that there were several credits on said *fi. fa.* of money paid by said John Harrell and the said Jesse Harrell, which, with the sum raised by said sale, are sufficient to pay off the same, as complainant believes; that in February, 1847, Jesse P. Harrell filed an affidavit of illegality to said

*fi. fa.* alleging that it was proceeding illegally against his property, the same having been fully paid off; and that said illegality is still pending; that John Harrell having died, Jesse P. Harrell became his administrator; and subsequently, Jesse P. Harrell having died, complainant administered on his estate, and that the estate of said John Harrell has now no legal representative; that at the April Term, 1848, of said Court, plaintiffs having made Edmond C. Beard, administrator of Blount Troutman, deceased, a party defendant to said original suit, obtained judgment against him for the amount of said note, with interest and costs; upon which a *fi. fa.* issued in May, 1848, and was, in May, 1849, levied on certain negroes, as the property of said Blount Troutman, deceased, and were claimed by Solomon Bridges; that said claim is now pending in said Court; that the collection of said last named *fi. fa.* has been heretofore prosecuted, as complainant is informed and believes, at the instance and expense of said John Harrell, security on said note, and the said Jesse P. Harrell, security on the appeal, who have, as complainant alleges, paid off said debt; that the said Solomon Bridges, claimant, having in 1852 or 3, filed written interrogatories to take the testimony of Thomas R. Lamar and Abner McGehee, the nominal plaintiffs in said last named *fi. fa.* which they have failed to answer, has never applied for an attachment to compel them to answer, but now seeks to dismiss the levy on account of such failure to answer. The bill further charges, that the negroes levied on have been removed by said claimant from Stewart County, and if said levy is dismissed, said negroes could not be again levied on; and thereby, great injury would result to the estates of said securities, John and Jesse P. Harrell, who are now the only parties interested in the collection of said *fi. fa.*

The bill prays that said claim case be enjoined until the final determination of the illegality before mentioned; that said Thomas B. Lamar and said McGehee be made to answer said interrogatories; and that said *fi. fa.* so levied on said

Bridges *et al.* &c. *vs.* Nicholson, &c.

negroes be transferred to complainant and the administrator
of John Harrell when appointed.

The Court, after hearing said bill read, refused to dismiss
:said levy, as moved by claimant's Counsel, but on the con-
trary, sanctioned said bill and enjoined said claim case. To
all of which, Counsel for claimant excepted, and carried the
case, by bill of exception, to the Supreme Court, assigning
the said rulings of the Court as error.

When the case was called in the Supreme Court, Counsel
for defendant in error moved to dismiss it on the ground that
he had not been served with the bill of exceptions, the entry
of service on which is as follows : " We acknowledge due and
legal service of the within bill of exceptions and waive copy.
May 7th, 1856.           (Signed,)      D. B. HARRELL,
                                Attorney for J. P. Harrell."

It was alleged by Counsel for defendant in error, that the
said D. B. Harrell's name did not appear of record as Coun-
sel for complainant in the bill in the Court below, and that
he signed the acknowledgment of service as "Attorney for
J. P. Harrell."

Pending said motion, Counsel for plaintiff in error moved
to amend his bill of exceptions, so as to make the said Thomas
B. Lamar and Abner McGehee, executors of said Jefferson
J. Lamar, deceased, parties plaintiffs in error.

JAMES JOHNSON, for plaintiffs in error.

McDOUGALD and J. A. TUCKER, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Our judgment is, that the injunction in this case
:should be continued.

If the Harrells paid a part of the debt only, they could
:not, *at Law*, get the control even for that.

[2.] We are clear that the levy should not be dismissed,

because the executors of Lamar have neglected or refused to answer the bill: for if the whole debt due their testator has been discharged by the Harrells, (and such is the allegation in the bill,) the executors are but nominal parties.

[3.] And however irregular or erroneous the judgment against Troutman or his representative may be, it cannot be attacked, collaterally, by the claimant, Bridges.

It is a valid judgment until vacated or set aside, in a direct proceeding instituted for that purpose; and perhaps not then, at the instance of the administrator of Troutman, under the circumstances of this case. He had his day in Court. The *scire facias* was regularly sued out and served upon him; and then was the time to have made his defence, if he had any.