No. 5.—SAMUEL D. VARNER, next friend, Caveator, plaintiff in error vs. ARTEMUS GOLDSBY, propounder, defendant in error.

[1.] The Court may order to be entered on the minutes of the Court the consent of a party to the suit, that the opposite party and his security on the appeal, be examined fully as witnesses, and such consent not only makes them competent, but precludes objection to their credit on account of their relation to the case as parties.

[2.] Next of kin not generally liable for costs on calling executor to prove will in solemn form, as when the proceeding is not vexatious.

Caveat to will, from Jasper Superior Court. Decision by Judge HARDEMAN, April Term, 1857.

Samuel D. Varner, as the next friend of Caroline E. Varner, an infant, caveated the will of Jeremiah Pearson, deceased, and the executor Artemus Goldsby, was called upon to prove said will in solemn form of law.

The case came before the Superior Court upon appeal from the Ordinary. Upon the call of the case, the parties being asked by the Court, if they were ready for trial? Counsel for caveator, showed that Caroline E. Varner was an infant of about nine years old, and the grand daughter of the said Jeremiah, that she was poor and without any estate or property; that her next friend, the caveator, Samuel D. Varner, was a material witness against said will, and in behalf of said infant; and for the purpose of rendering him a competent witness, submitted a motion, that said Varner be dismissed as the next friend, and discharged from his connection with this case, upon the payment of the costs that had accrued ; and that some fit and proper person be appointed by the Court to act as next friend and guardian *ad litem, in forma pauperis*, of said infant. The Court, upon objection by counsel for propounder, refused the motion, but decided that upon some other person, with the assent of the security on the appeal, appearing and being substituted in the place of said Samuel D., he might be released and discharged as next friend, and party.

To which ruling and decision counsel for caveator excepted.

Counsel for caveator, further showing that Andrew J. Varner, the security on the appeal, was a material witness for caveator, moved that he be discharged as security on said appeal , and from his connection with the case, with the view of rendering him a competent witness. At the same time caveator proposed to make oath that he was not a resident of the county of Jasper, and from his indigent circumstances, was unable to give other security on the appeal : counsel for propounder objected, and the Court held, and adjudged that,

said security be discharged upon caveator substituting other good and sufficient security in his place. Before the decision of the Court was pronounced, counsel for propounders tendered the following:

"It is agreed by the propounder in the above case, that Samuel D. Varner, next friend of Caroline E. Varner, and Andrew J. Varner his security on the appeal, be considered as witnesses in the case, and be examined as fully as if they were not parties to the record. And the Court orders this to be put upon the minutes."

W. W. ANDERSON,<br>
<em>Atty. for propounder.</em>

·To which decision, counsel for caveator excepted.

J. A. Boynton, Bailey, Bartlett and Lofton, for plaintiff in error.

W..W. Anderson, for defendant in error.

*By the Court.*—McDonald, J. delivering the opinion.

[1.] Before the Court announced its decision upon the motion submitted by caveator's counsel, to discharge the security on the appeal, for the purpose of rendering him competent to testify on his side of the case, the counsel for propounder signed a written consent that both the *prochein ami*, and his security on the appeal, should be considered as witnesses in the case, and be examined as fully as if they were not parties to the record, which consent the Court ordered to be put on the minutes. The consent thus given, for the examination of the witnesses, accomplished all that the motions submitted, proposed to effect—to allow them to be examined as legal witnesses in the cause.

The ordering the consent to be entered on the minutes was a virtual rejection of the motions to dismiss the *prochein*

*ami,* and to discharge the security on the appeal. It is urged by counsel for plaintiff in error, that the consent that parties may be examined as witnesses, leaves them open to impeachment by counsel, because of their relation as parties to the case.

This is a wrong interpretation of the consent. They are to be examined *as fully as if they were not parties to the record.* The Court would not allow a party to avail himself of the position of witnesses as parties to the record to assail their credit, when his consent to consider them as witnesses, had induced the Court to retain them in that position. The waiver was in lieu of their discharge from the case, and must be as effectual in all respects. The only objection to them, according to the decision of this Court. is their liability for costs, and if they ought not to be held liable for costs, they ought not to be excluded from testifying. *Central R. R. & Bnk. Co. vs. Hines, Perkins & Co.,* 19 *Ga. Rep.* 203. Samuel D. Varner is the next friend only, and has no interest in the event of the suit, if he be not liable for costs. His security on the appeal can have no greater interest than he has, in the result of the cause. Samuel D. Varner, as the next friend of an infant who is one of the next of kin of the testator, calls on the executor to prove the will in solemn form. The record shows that the infant is poor, without the means of paying the costs, on the termination of the suit unfavorably to her object. But independent of her circumstances, she would not be liable for costs, unless the proceeding is unjust and vexatious. She calls on the executor to prove the will in solemn form. That is all. The executor might have done that in the first instance. Perhaps it was his duty to have done it. This infant is one of the next of kin of the intestate and as such is a favorite of the law. The "interests of the next of kin, in cases of intestacy, accrue by mere operation of the law, and they have the plainest and most undoubted right to be satisfied, that those interests are not defeated, but

upon good and sufficient ground." *Urquhart & Waterman vs. Frieber*, 2 *Eng. Eq. Rep.* 425. The next of kin have a right to put executors on proof of the will, and this has been assigned as a reason for not giving costs. *Reeves vs. Freeling*, 1 *Eng. Ec. Rep.* 185. Costs may be given, however, against the next of kin when the proceeding is vexatious.

[2.] The spirit of our Legislation is, that the doors of justice shall be closed against none, on account of poverty. If this were a case in which the party would be liable for costs on the establishment of the will, if she were of full age and unable to pay, she might have appealed without giving security. Because she is an infant, she is not to be subjected to greater hardships, nor is one who, from motives of parental duty, or a sense of justice, steps forward to her relief, to be forced to assume a responsibility which would not have rested on her if she had been of full age.

We think that there was no necessity for the substitution first moved for, and the consent of the propounder of the will placed on the minutes of the Court rendered a decision of the motion to discharge the security on the appeal unnecessary, and no express decision was made on that. There was no error committed by the Court in ordering the consent to be entered on the minutes of the Court. We shall affirm the judgment of the Court below, with instructions to require the propounder of the will to conform the language of his consent to the interpretation herein given of it, as being more calculated to relieve the witnesses from the imputation of bias growing out of their position as parties, than a mere construction of the consent as it stands.

Judgment affirmed, with directions.