Duer vs. Thweatt, adm'r.

JOHN W. DUER, Ordinary, plaintiff in error, vs. PETERSON THWEATT, administrator, defendant in error.

1. The costs due clerks and sheriffs in insolvent criminal cases are a debt against the public, for which payment is provided out of the fines and forfeitures collected in their respective counties. And an order passed by the Judge of the Superior Court in favor of a Clerk, for an amount due him in insolvent cases is a judgment against the public funds collected from fines and forfeitures, to be paid according to the priorities established by law, which cannot be attacked collaterally. But it may be set aside if sufficient cause can be shown against it, by a proper proceeding for that purpose instituted by the county, or any one else, whose interest is affected by it.
2. The Legislature has power to make other provisions for the payment of such sums as may be due. It may provide for the payment of such costs as are not paid by fines and forfeitures, by the levy of a tax upon the county in which the costs are due.
3. Upon the trial of an issue formed upon a *mandamus* against the Ordinary to compel him to levy the necessary tax, the judgment in favor of the Clerk against the fine and forfeiture fund, unrevoked and unpaid, is conclusive as to the amount due and cannot be collaterally attached on such trial.

Constitutional law. Insolvent costs. Before Judge JOHNSON. Muscogee Superior Court. May Term, 1869.

Adolphus Rutherford was Clerk of the Superior Court of Muscogee from 1855 to 186–. He died in 1861 or 1862, leaving a claim for insolvent costs accruing to him in the criminal cases in said Court. At November Term, one Pond, under direction from Judge Worrill, produced said account, by items, made affidavit to its correctness, and the Court ordered the amount apparently due on said account, $1,660 65, to be paid to Thweatt, as administrator of said Rutherford, out of any funds that might be raised by fines and forfeitures in said county. On the 28th of September, 1868, the General Assembly passed an Act, requiring the Ordinary in said county, and seven others therein named, " forthwith to levy, and have collected, a tax sufficient to pay the clerks and sheriffs of the respective counties aforesaid the costs now due them for services rendered in insolvent criminal cases."

Under this Act Thweatt wished Duer, the Ordinary of

Muscogee county, to levy such a tax to pay said account. Duer refused to do so, and in April, 1869, Duer was served with a rule to show cause why a *mandamus* should not issue, requiring him to levy and collect said tax. Duer showed for cause that he had no evidence that said sum was due to said Thweatt as such administrator, except the account and affidavit on which Judge Worrill passed said order, and the order itself, and that that was not sufficient evidence of the indebtedness claimed; that no costs were due till the cases were disposed of finally; and that many of them were still pending, and that, when finally disposed of, each case should have a judgment for costs entered upon it, and it should then be shown that the defendant in said case is insolvent; that these costs having accrued when they were chargeable against fines and forfeitures only, the county of Muscogee cannot be legally liable therefor, by reason of said Act; that no costs was due Rutherford by said county when said Act was passed; that said claim was barred by the Statute of Limitations; and he said the grand jury of his county, at November Term, 1868, directed him not to levy any tax under said Act, and to employ counsel to resist such claims.

Upon this answer issue was joined as to the indebtedness. When this issue came on for trial, Thweatt's counsel offered to show, by parol, the insolvency of the defendants in the cases upon which this demand was based. It was objected to upon the ground that, at least as to cases of escape and conviction, the highest evidence of such insolvency was a judgment for costs, a *fi. fa.* thereon, and a return of *nulla bona* thereupon. The objection was overruled. To save time, it was then admitted that the defendants in all the cases of escape or conviction mentioned in the bill of particulars were insolvent. They next offered said order of Judge Worrill as evidence. It was objected to upon the ground that it was obtained upon an *ex parte* application to the Judge, and while it was good as against fines and forfeitures, it had no force against the county, which was not a party to the proceeding. The objection was overruled, and the order was read. Plaintiffs closed.

Said Pond was then examined by defendant, and testified that he made up said account, by direction of the Judge, from the docket and minutes of the Court, charging costs where said books did not show that Rutherford had received his costs. It was admitted that as to the cases some had been settled, some dismised, some *nol. prossed*, others were pending, on some there were verdicts either of acquittal or conviction, and that they were properly designated in said bill of particulars by letters, as D for dismissed, etc. Duer testified that he was in Court when said order was passed, but that the county was not a party to the proceeding nor represented in it, and that at the time the Judge told him that the order would not be binding on the county.

The Court charged the jury that said Act was constitutional; that the General Assembly could provide for payment of insolvent costs due, otherwise than out of fines and forfeitures; that said order was conclusive as to the amount due Rutherford on account of costs in insolvent cases, and of the insolvency of the defendants, and, if said order was unrevoked, the issue should be found in favor of Thweatt. The verdict was for Thweatt, and *mandamus* absolute was issued to compel a levy and collection of a tax to pay said demand.

Counsel for Duer say the Court erred in permitting parol testimony of the insolvency of the defendants escaped or convicted; in admitting said order as evidence; in charging that said Act was constitutional, that said order was conclusive as to the indebtedness, and in issuing the *mandamus* absolute.

PEABODY & BRANNON, N. L. HOWARD, for plaintiff in error, said, said claim was only against fines and forfeitures, 2 Kelly, (Ga. R.,) 282; the Act of 1868 is unconstitutional if it makes the county pay this *past* claim, 8th Ga. R., 32; 7 John. R., 501; and because it is not a general law, 1 Bl. Com., 44; Constitution, section xxvi, article 1; the order was not conclusive, 20 John. R., 669; 25 Ga. R., 103; 27 Ga. R., 58; 23 Ga. R., 344; 1 Kelly, (Ga. R.,) 412; 3 Kelly, (Ga. R.,) 301; 32 Ga. R., 111; the parol evidence was inad-

Duer *vs.* Thweatt, adm'r.

missible, 9 Ga. R., 109; and then cited the law general as to insolvent costs.

H. L. BENNING, for defendant, said the Act was constitutional, Constitution, Art. 1, sec. 28, and Art. 3, sec. 5 ; return of *nulla bona* was unnecessary and vain, 11 Ga. R., 514–17–18; Irw. Code, sec. 3144; the verdict was right anyhow, and slight error will not avail, Irw. Code, sec. 3664.

BROWN, C. J.

1. The costs due clerks and sheriffs in this State, in insolvent criminal cases, are a debt due by the public.   But the only general provision made by law for their payment is that they be paid out of fines and forfeitures, collected in their respective counties, according to the priorities established by law.

An order passed by the Superior Court, allowing a certain sum to the Clerk for costs in insolvent criminal cases, is a judgment of a Court of competent jurisdiction over the persons interested and the subject matter, which cannot be attacked collaterally in a subsequent litigation between the Clerk and the county as to the amount due.   If the Ordinary, representing the county, desires to attack the judgment, he must do so, at the proper time, by a proper proceeding instituted for that purpose.   He cannot attack it collaterally on the trial of such an issue as is made by this record.   This is no new principle in this Court.   It has been repeatedly ruled that when a Court of competent jurisdiction has rendered a judgment in relation to any subject matter within its jurisdiction, the presumption is that it had before it sufficient evidence to authorize it to award such judgment, which judgment will be conclusive until reversed, in a proper proceeding instituted for that purpose, in the Court in which the judgment was rendered.   9 *Ga. R.*, 117, 247; 10 *Ga.*, 371; 8 *Ga.*, 143; 16 *Ga.*, 578; 20 *Ga.*, 90; 20 *Ga.*, 581; 24 *Ga.*, 335.

2. In this case it was, no doubt, the intention of the Legislature that the county should pay whatever balance might be due the Clerk after the fines and forfeitures were exhausted,

and that a sufficient tax be assessed and collected immediately for that purpose. The debt being a debt due by the public, and the county being a subdivision of the State, it was perfectly competent for the Legislature to provide that the deficiency in the public fund, out of which the debt was to be paid, be made up by the county. This made the county a party, or at least a privy, in the case. And it is a well settled rule that privies as well as parties are bound by the judgment of the Court. All who are in fact, or *in consideration of law*, privies, are bound by the judgment, 13 *Georgia,* 269 ; and I am very clear that the county in this case, was, if not a party, a privy, in contemplation of law. It was, in fact, a party with notice of the proceeding in which the judgment was rendered, and of its rendition.

3. The Ordinary who is the representative of the county, was in Court when it was rendered. And it was rendered *after* the passage of the Act making the county liable for the costs due the clerks and sheriffs in insolvent cases. It seems to me there can be no dispute that the county was a party at interest from the passage of the Act of 1868. But the Ordinary testifies that the Judge who passed the order told him it would not bind the county. That is not a sufficient legal excuse. The Ordinary was bound, at his peril, to know the effect of the judgment; and if the Judge was mistaken in its effect, he should have objected to its rendition, or taken the proper steps to have it reversed or set aside. Having failed to do so, I think the Judge below committed no error in charging the jury, that said order being unrevoked and unannulled, he considered and so charged, that it was binding and conclusive, on the trial of this issue, as to the fact that the insolvent criminal costs were due the plaintiff as administrator, and that if the jury believed the order remained unrevoked and *unpaid,* it would be their duty to find for the plaintiff.

Judgment affirmed.