*In re* EMORY SPEER, solicitor general, *et al.*, plaintiffs in error.

Where misdemeanors are transferred from the superior to the county court, under the 314th section of the Code, the fines and forfeitures derived therefrom, after deducting the costs of the officers of the superior court in the transferred cases, should be paid over to the county treasurer.

Costs. Superior Court. County Court. Before Judge RICE. Clarke Superior Court. August Term, 1874.

For the facts of this case, see the decision.

*In re* Speer *et al.*

EMORY SPEER; COBB, ERWIN & COBB; S. P. THUR-
MOND, for plaintiffs in error.

W. L. MITCHELL, by L. E. BLECKLEY, *contra.*

WARNER, Chief Justice.   .

The question made in the record of this case for our judg-
ment is, whether the money arising from fines and forfeitures
in the county court of the county of Clarke, in cases which
were transferred from the superior court to the county court,
under the provisions of the 314th section of the Code, shall
be paid into the county treasury, or whether the same shall be
paid in satisfaction of orders passed by the judge of the su-
perior court for the payment of costs in insolvent cases, as
provided by the 4631 section of the Code.  The court below
decided that the fines and forfeitures in the county court should
be paid to the county treasurer of the county.  Whereupon,
the solicitor general and the officers of the superior court, ex-
cepted.  By the 1st section of the 5th article of the constitu-
tion, the judicial powers of this state, are vested in a supreme
court, superior courts, courts of ordinary, justices of the peace,
commissioned notaries public, and such other courts as have
been or may be established by law.  In 1871, the general
assembly established, by law, a county court, the provisions of
which are embodied in the Code, by the 300th section of
which, it is declared that "whatever fines and forfeitures are
collected by virtue of the sentence or judgment of the county
judge, shall be collected and paid over to the county treasurer
of each county."  The 314th section of the Code provides
for the transfer of cases of misdemeanors pending in the su-
perior courts to the county courts.  The 315th section pro-
vides for the collection of the costs in the cases so transferred,
and declares that when costs or fines, or both, are collected in
the county court, it shall be the duty of the county judge, be-
fore paying over the same to the county treasurer, to deduct
therefrom the costs due to the solicitor general and clerk of

the superior court, and to pay the same over to said officers, or to retain such amount subject to their orders.  By the 46᠈1st section of the Code, the judge of the superior court is authorized to pass an order for the payment of costs therein specified, and to authorize and direct the sheriff or clerk, to retain for his own use and to pay to the attorney or solicitor general and other officers of the court, the amount of their respective accounts *out of any moneys by him received* for fines inflicted by *the said court*, or collected on forfieited recognizances.  It will be noticed that the orders for the payment of accounts for insolvent costs, under the 4631st section of the Code, are to be paid out of any moneys received by the officers of the superior courts, for fines inflicted by *the said court* or collected on forfeited recognizances.  The orders for the payment of accounts for insolvent costs for fines inflicted by the superior court do not create a lien on the money collected from the fines inflicted by any other court than the superior court.  When the general assembly created the county courts it was competent for that body to declare, as it has done, that the fines and forfeitures collected by virtue of the sentence or judgment of the county judge, shall be collected and paid over to the county treasurer of each county.  It was also competent for the general assembly to provide for the transfer of cases of misdemeanors pending in the superior courts to the county courts for trial, and in doing so no injustice is done to the solicitor general or the officers of the superior court, for it is expressly provided that it shall be the duty of the county judge, when the costs and fines are collected, before paying over the same to the county treasurer, to deduct therefrom the costs due to the solicitor general and clerk of the superior court, and pay the same over to said officers, or to retain such amount subject to their order. What costs due them ?  Most oviously the costs due them in the cases which have been transferred from the superior court to the county court.  The solicitor general and the clerk of the superior court are entitled to be paid the costs

due them in the transferred cases out of the money collected from fines inflicted in the county court, and no more.

Let the judgment of the court below be affirmed.