MITCHELL, solicitor general, *vs.* GAINES, sheriff.

MITCHELL, solicitor general, *vs.* BROWN, treasurer.

1. Where criminal cases were transferred from the superior court to the city court of Hall county in accordance with law, and a fund was raised therefrom in the city court, the officers of the superior court had no further claim thereon than to have such costs as had accrued in their favor in those cases prior to the removal paid. They could not have old insolvent costs paid therefrom. (See acts of 1880–81, p. 558.)

2. To a fund raised from criminal cases transferred from the superior court to the city court of Hall county the officers of the former court had no valid claim beyond the costs incurred in those cases prior to their transfer. Nor could the superior court allow a further claim on the part of its officers by order.

JACKSON, Chief Justice.

Cited for plaintiff in error, Code, §4631; 39 *Ga.*, 578; acts of 1876, p. 108, sec. 2; acts of 1880–81, p. 555, sections 36, 37.

For defendant, acts of 1880–81, p. 565, sections 30, 36, 37; p. 560, sec. 5; Code, §314; 54 *Ga.*, 40.

---

FRANCIS *et al. vs.* HOLBROOK.

1. Where a will is propounded and a *caveat* is filed, upon failure to establish the will, the court cannot go further than to enter up judgment for costs against the propounder. Though parties beneficially interested as legatees may have aided the propounder by employing counsel and subpœnaing witnesses, they are not such parties to the record as that a judgment for costs can be entered against them.

(*a.*) Could one who propounds a will at the instance or for the benefit of another recover from the latter by *assumpsit* the costs which he had incurred by failing to establish the will? *Quære.*

(*b.*) Semble, that if a will be *bona fide* presented for probate and not fraudulently pressed, and upon *caveat* the same is rejected, the costs should fall upon the estate. 22 *Ga.*, 302.

JACKSON, Chief Justice.