BLALOCK, county solicitor, *vs.* PILLSBURY, judge.

[ This case was argued at the last term, and the decision reserved.]

1. Neither under the general law nor under the special statutes applicable to the county court of Sumter county, does any reason appear for interfering with the power, prerogative and duty of the county solicitor in prosecuting cases transferred from the superior court, merely because they are so transferred.

2. In cases of misdemeanor, the solicitor general of the circuit is entitled to a fee of five dollars for each person prosecuted to trial, or

who pleads guilty, or for each bill of indictment he draws, whether it is found true or ignored by the grand jury. This is all the fee which the law allows, and neither the state nor the accused can be taxed with double costs. Where such cases are transferred from the superior to the county court, the right of the solicitor general to this cost being complete before the case was transferred to the county court, he was preferred to the county solicitor (under the Code, §1646, sub-section 1), and an order for insolvent costs in such cases to the latter was properly refused.

(*a.*) There is nothing in the two acts passed in 1883 in respect to the county court of Sumter county which makes provision for this special service.

(*b.*) The judge of the county court had no jurisdiction to determine the question of an equitable division of fees between the solicitor of that court and the solicitor general; that jurisdiction and power is vested in the judge of the superior court.

March 9, 1886.

Costs. Officers. Courts. Criminal Law. Sumter County. County Courts. Before Judge FORT. Sumter County. At Chambers, January 23, 1886.

Blalock, the solicitor of the county court of Sumter county, petitioned for a *mandamus* against the judge thereof, alleging, in brief, as follows: An indictment for assault and battery was transferred from the superior court to the county court and came on for trial at the November term, 1885. The solicitor general of the circuit appeared and claimed the right to represent the state in the prosecution. The county solicitor objected and claimed this right for himself. The objection was overruled. The county solicitor claimed $5 insolvent costs in the case and presented his bill therefor to the county judge for approval, which was refused. *Mandamus* to compel him to approve it and order it paid was prayed. It was refused, and the county solicitor excepted.

GUERRY & SON, by brief, for plaintiff in error.

No appearance for defendant.

HALL, Justice.

The solicitor of the county court, who petitions for this *mandamus*, makes two questions which he desires to have decided. The first relates to the power of the solicitor general of the circuit to follow and control cases transferred from the superior to the county court, in the latter court; the second to the power of the judge of the county court to refuse petitioner an order for insolvent costs in cases thus transferred. Upon the return of the answer to the *mandamus nisi*, the court refused to make it absolute, and to this judgment the petitioner excepted.

1. Whether the first question presented can be reached by this proceeding is scarcely a matter of doubt; but as it is not of much practical importance, and as no point was made as to the particular remedy resorted to for its determination, it will be sufficient to say that, both under the general law and the special statutes applicable to the county court of Sumter, we see no reason for interfering with the power, prerogative and duty of the county solicitor in prosecuting cases thus transferred, merely because they are transferred cases.

2. The refusal to grant orders for insolvent costs to the county solicitor in the cases thus transferred, stands, however, upon a very different footing, and we are of opinion that the action of the county judge, in thus refusing the order, both under the general and special statutes regulating the subject for Sumter county, was proper. The solicitor general, in cases of misdemeanor, is entitled to a fee of $5.00 for each person prosecuted to trial, or who pleads guilty, or for each bill of indictment he draws, whether it is found true or ignored by the grand jury. Code, §1646, sub-section 1. This is all the fee which the law allows. Neither the state nor the accused can be taxed with double cost, and as the right of the solicitor general to this cost was complete before the case was transferred to the county court, he was, under this law, to be preferred to the county

solicitor. In *Thomas County Judge vs. Thomas County Solicitor*, 61 *Ga.*, 70, 72, the question was considered and determined adversely to the claim of the county solicitor, Warner, C. J., who delivered the opinion, saying, " But it is said the county solicitor gets no pay for his trouble in attending the trial of transferred misdemeanor cases in the county court. Whether the general assembly intended that he should attend the trial of the transferred cases in consideration of other fees allowed him, we do not know, but we do know that no specific fee is allowed him for that service, and until the law-making power of the state shall provide compensation for that special service, the courts have no power or authority to do so. When a public officer claims fees for his services, he should be able to show clear authority of law, in support of that claim to entitle him to have it allowed." And the judgment in that case, making the rule *nisi* for a *mandamus* absolute, was reversed. In this case it was refused, and properly refused, because, as we think, there is nothing in the two acts of the general assembly in relation to this subject passed at the adjourned session of 1883, which makes provision for fees for this special service. By section 2 of the first of these acts (Acts 1882–1883, p. 530), all fines and forfeitures collected in cases transferred from the superior to the county court of Sumter are required to " be paid over to the solicitor-general," who is to report them to the superior court to be distributed in accordance with the rules by which such fines and forfeitures are distributed in cases pending in that court, and making provision to pay the officers of the county court out of the fines and forfeitures so collected by them in the cases referred to, whatever sum may be due them for costs in those particular cases. The other act relied on was approved September 22, 1883, seven days after the foregoing, and is entitled " an act to provide for a solicitor of the county court of Sumter county, and for other purposes " (Acts, p. 533). The second section thereof enacts, " That said county solicitor shall have the same

power and authority in criminal cases that the solicitor general would have in similar cases in the superior court, and shall be entitled to receive the same fees and costs as are allowed the solicitor-general for like services; *provided,* that nothing in this act shall be construed to deprive the solicitor general of the right to control and collect fees due him, in all cases transferred from the superior court." Prior to the passage of the first of these acts, the legislature of 1878 (Code, §2994 (f) ) had made provision for an equitable division of the cost between the solicitor general and the county solicitor, by the judge of the superior court, in cases transferred from the superior to the county courts and there presented to trial by the county solicitor. If the rule of an equitable division of fees prescribed by this act is to obtain, then it is clear that the judge of the county court had no jurisdiction over the subject upon which his action was invoked ; that jurisdiction and power was by the express provisions of the act, vested in the judge of the superior court, and there is nothing in the local acts cited restoring it to the judge of the county court, but rather the reverse, and for this reason, the *mandamus* absolute was properly refused.

How far this rule of an equitable division of fees was modified, or whether it was modified at all by these special acts, does not seem to have been determined by the judge of the superior court, and until that is done by a proceeding instituted in that court, which alone has jurisdiction of the question, it is not in our power to decide it, and we are thus compelled to leave it as we find it. We know not how it will be determined by that court until it is properly made by an appropriate proceeding for that purpose, and our power of review extends only to such exceptions as shall "plainly specify the decision complained of and the alleged error." Code, §4251.

Judgment affirmed.