## ANSLEY *v.* HOOPER.

The act approved October 22, 1887, by its terms recognized the right of the solicitor-general to prosecute in the county court of Sumter county cases transferred to that court by the superior court of that county, and directed how that officer should dispose of fines, forfeitures and costs arising therefrom ; and under the provisions of that act, the solicitor-general of the Southwestern circuit has authority to appear and prosecute in such county court all cases which have been or may be transferred from the superior court. Accordingly, there was no error committed by the court below in refusing to grant the injunction.

Argued April 21, — Decided May 21, 1897.

Petition for injunction. Before Judge Littlejohn. Sumter county. February 18, 1897.

*J. H. Lumpkin, L. J. Blalock* and *J. A. Ansley,* for plaintiff. *Allen Fort* and *W. F. Clarke,* for defendant.

LITTLE, J. The only question made in this case for determination is, whether the solicitor-general of the Southwestern circuit has the right to appear in the county court of Sumter county and prosecute in that court cases transferred from the superior court and receive the fees allowed for such prosecutions, or whether that right is vested solely in the solicitor of the county court. The solution of the question depends alone on the construction of our statutes.

Under the act approved January 19, 1872 (Acts 1871–2, p. 288), which created and established county courts, no solicitor was provided for; and in consequence, the judge himself was authorized to examine witnesses, etc., and under that act it was held that where misdemeanors were transferred from the superior court to the county court, all fines and forfeitures collected by virtue of the sentences or judgments of the county judge should, after deducting therefrom the costs of the officers of the superior court, be paid over to the county treasurer. *In re Speer,* 54 *Ga.* 40. It was further held, with reference to the provisions of this act, as amended by the act of August 24, 1872 (Acts 1872, p. 42), on an application for mandamus by the solicitor of the county court of Clarke county against the judge, requiring him to show cause why he should not tax certain costs claimed by the solicitor in a case transferred to

that court from the superior court, that the county solicitor was not entitled to any fee for drawing the bill of indictment, but that such fee belonged to the solicitor-general. *Thomas* v. *Thomas,* 61 *Ga.* 70. By the act of October 13, 1879 (Acts 1878–9, p. 136), it is provided, in section 20, that in any county court which is not now provided by law with a regular solicitor the judge may in any criminal case appoint a member of the bar to act as prosecuting counsel, who, when appointed, shall exercise all the powers of a solicitor as to such case, and shall be entitled to the same compensation for services so rendered as now provided by law for solicitors of the county court, or one acting as such; and by the act approved October 15, 1879 (Acts 1878–9, pp. 136–37), the same being an act to prescribe fees of solicitors of county courts where the same are not now provided by law, it is provided, among other things, that "in cases transferred from the superior to the county courts, and there prosecuted to trial by the county solicitor, or the attorney appointed to prosecute such cases in that court, the judge of the superior court shall cause an equitable division of the costs to be made between the solicitor-general and the county solicitor, or the attorney appointed to prosecute in the county court." By the act approved September 15, 1883 (Acts 1882–3, p. 530), the same being an act to provide for the disposition of fines and forfeitures arising in the county court of Sumter county, it is provided, in section 2, that all fines and forfeitures collected in cases transferred by the superior court to said county court shall be paid over to the solicitor-general and reported by him to the superior court to be distributed according to the same rules that fines and forfeitures are distributed in cases pending in the superior court, and in such cases the officers of the county court should be paid out of the fines and forfeitures so collected whatever sum may be due for costs in the particular cases; and by the act approved September 22, 1883 (Acts 1882–3, p. 533), entitled "An act to provide for a solicitor of the county court of Sumter county," etc. it is provided that said county solicitor shall have the same power and authority in criminal cases that the solicitor-general would have in similar cases in the superior court, and

shall be entitled to receive the same fees and costs as are allowed the solicitor-general for like service, "provided that nothing in this act shall be construed to deprive the solicitor-general of the right to control and collect fees due him in all cases transferred from the superior court." In the case of *Blalock* v. *Pilsbury*, 76 *Ga.* 493, where Blalock, as solicitor of the county court of Sumter county, petitioned for a mandamus against the judge, alleging that an indictment for assault and battery was transferred from the superior court to the county court and came on for trial at the November term, 1885; that the solicitor-general appeared and claimed the right to represent the State in the prosecution; that the county solicitor objected and claimed this right for himself, which objection was overruled and the claim of the county solicitor for insolvent costs refused, this court ruled that: "Neither under the general law, nor under the special statutes applicable to the county court of Sumter county, does any reason appear for interfering with the power, prerogative and duty of the county solicitor in prosecuting cases transferred from the superior court, merely because they are so transferred." This decision was rendered at the March term, 1886, and on October 22, 1887, an act passed by the General Assembly was approved (Acts of 1887, p. 873), by which the act of 1882, to provide for the disposition of fines and forfeitures arising in the county court of Sumter county, was repealed, and in lieu thereof it was provided, among other things, that "all fines and forfeitures from cases transferred from the superior court shall be paid to the solicitor-general thereof, who, after paying the costs which have accrued in the county court to the proper officers thereof and to himself his own fees for prosecuting such cases in said court, shall report the residue, if any, to the superior court for disposition according to the same rules that fines and forfeitures are distributed in said court."

It was contended by the plaintiff, first, that this act does not authorize the solicitor-general of the Southwestern circuit to appear and prosecute transferred cases in the county court of Sumter county; and, secondly, that if it did confer such

authority, said act was unconstitutional and void, "because the action of the House of Representatives in passing said bill was reconsidered by that body on Thursday, October 20, 1887, and no other action was ever taken by the House in reference to said bill"; and to support this latter contention a reference to the journal of the House of 1887 is made in the brief. These several contentions will be treated in their inverse order.

An examination fails to show us that there is any merit in the point as to the unconstitutionality of the act. While we have not made a detailed examination of the journal of either branch of the General Assembly for the year 1887, to ascertain the progress of the bill before it finally passed, we have carefully examined that portion of the journal which was cited as authority to show that the bill was not properly passed; and our conclusion is, that the identity of the bill referred to in the journal of the House with the act in question is not definitely shown. In the journal the bill which was reconsidered was referred to only by the number, and, without more, we are neither to assume that the bill bearing this number was the act in question, nor that subsequent action was not taken by the House after such reconsideration. If in fact the bill referred to there is identical with this act, the plaintiff in error must show us that fact, or give us sufficient data from which we can ascertain it by an inspection of the journal. It is accordingly held that the act is not unconstitutional for this reason, under the authority cited.

By reference to the language of the act of 1887, it will be observed that the right of the solicitor-general of the Southwestern circuit to prosecute in the county court of Sumter county cases transferred to that court by the superior court, is recognized. Indeed, authority so to do is given by the terms of the statute. It is provided that fines and forfeitures arising from such cases shall be paid to the solicitor-general, who is directed, after paying the costs which have accrued in the county court to the proper officers thereof, *and to himself his own fees for prosecuting such cases in said court*, to report the residue, if any, to the superior court for distribution, etc. If the authority to appear and prosecute such cases in the county.

court did not theretofore exist, the language of this statute certainly confers the authority. The solicitor-general is authorized to reserve to himself his own fees for prosecuting such cases in said court. The word "said" as used in the statute, by reasonable as well as grammatical construction, refers to the county court; for where a case is transferred from the superior court to the county court, no prosecution whatever takes place in the superior court, and therefore there is no prosecution at all of the case except in the county court. In thus construing this act, we find no material conflict between its provisions and those contained in anterior enactments. The act of 1882 providing for a solicitor of the county court of Sumter county, neither expressly nor by necessary implication vested in that officer the exclusive right to prosecute transferred cases. The effect of the ruling in the 76 *Ga.*, heretofore referred to, went no further than to hold that the acts then under consideration did not give to the solicitor-general such authority to appear and prosecute transferred cases in the county court as would authorize an interference with the power, prerogative and duty of the county solicitor in prosecuting such cases. As we understand the ruling of the court, it was not based on what the court construed to be an express denial by the statutes to the solicitor-general to appear and prosecute in that court, but rested upon the absence of any express authority in him to do so.

The act approved October 15, 1879 (Acts 1878-9, p. 136), purports merely to prescribe fees of solicitors of county courts, and does not undertake to define the powers and duties of such solicitors. It is not there provided that the solicitor shall prosecute such cases, nor is there any language in the statute which would confer upon him exclusive authority to do so; but the purport of the act is simply to provide fees where such cases are prosecuted by the county solicitor. The act is general in its character, applying to all county courts, and can not be regarded as having any force in the matter of conferring upon county solicitors authority to prosecute such cases, as this power would exist by virtue of their office, unless expressly denied in particular instances.

Our conclusion is, that the act of 1887 confers authority upon the solicitor-general of the Southwestern circuit to appear and prosecute transferred cases in the county court of Sumter county, and to receive the fees therefor; and therefore the court did not err in refusing to grant an injunction.

*Judgment affirmed. All the Justices concurring.*