OVERSTREET <em>v.</em> RAWLINGS <em>et al.</em>

All fines imposed by a judge of the county court upon persons convicted of a violation of the laws of this State are required to be paid over to the, county treasurer; and this is true whether the conviction is had upon an accusation in the county court, or upon an indictment or presentment found in the superior court and transferred to the county court for trial. The county judge has no authority to pay any part of such fines either to the officers of his own court or the officers of the superior court in payment of their insolvent costs accruing in his court.

Argued February 1, — Decided March 16, 1899.

Mandamus. Before Judge Gamble. Screven superior court. September 9, 1898.

*J. W. Overstreet*, for plaintiff in error.

*Rawlings & Hardwick* and *H. S. White*, contra.

COBB, J.  This case arose upon a petition by certain officers of the superior court of Screven county for a writ of mandamus against the judge of the county court of that county.  The facts appearing in the record are, in substance, as follows: At the November term, 1897, of the superior court of Screven county, a large number of indictments in misdemeanor cases were transferred to the county court for trial.  In some of these cases the persons accused were acquitted, while in others nolle prosequis were entered on the indictments, so that the costs due petitioners for services therein became insolvent and uncollectible. The county judge has on hand the sum of five hundred dollars which has been collected by him in payment of the fines imposed in two of the transferred cases in which convictions were had.  The petitioners have been paid all the costs due them by reason of their services in these two cases.  The county judge refused to pay petitioners out of the fund in his hands the insolvent costs due them for services in the transferred cases other than the two in which fines were collected, and his refusal so to do is made the basis of the application for the writ of mandamus.  On these facts the judge of the superior court granted a mandamus absolute against the county judge, and he excepted.

The precise question which is presented in this record does not seem to have ever been passed upon by this court. No case which was referred to in the argument is controlling upon the matter, and we have been unable to find any which is directly in point.  The question now before us was not involved either *In re Speer*, 54 *Ga.* 40, or in *Greer* v. *Hudson*, 74 *Ga.* 817.  The original county court act provided that, "When a party is adjudged liable, in a criminal proceeding, to pay costs, or fines, or both, the same shall be collected as costs and fines are collected in the superior courts.  Whatever fines and forfeitures are collected by virtue of the sentence or judgment of the county judge shall be collected and paid over to the county treasurer of each county."  Code of 1882, § 300.  In 1872 an amendment to the county court act was adopted, which provided that, whenever an indictment for a misdemeanor shall be

transferred to the county court for trial, and the party on trial shall be adjudged liable to pay costs or fines, or both, it shall be the duty of the county judge "to collect the same, as costs and fines are collected in the superior courts; and, when collected, before paying over the same to the county-treasurer, to deduct therefrom the costs due to the solicitor-general and clerk of the superior court, and to pay the same over to said officers, or retain such amount subject to their order." Code of 1882, § 315; Acts 1872, p. 42. It seems to be clear from the original county court act, that as to all cases originating in the county court where fines are imposed it is the duty of the county judge to pay the fines to the county treasurer, and it would seem that the same is true of cases transferred from the superior court; there being no authority in the act of 1872 for the county judge to retain any amount other than the costs due to the solicitor-general and the clerk of the superior court in each case in which he may collect such costs. A strict construction of the section would require not only that he should pay the fines into the county treasury, but that he should also pay to the treasurer the costs due the sheriff, or other officers not named in the section, as well as the jail fees and the fees due witnesses. That the law required all fines collected by the county judge to be paid to the county treasurer seems to have been the opinion entertained by the codifiers of the Code of 1895. Section 771 of the Penal Code, which declares that "Fines and costs shall be collected as they are in the superior court, and all fines shall be paid over to the county treasurer," is a part of the county court act of 1872, which was originally embodied in section 300 of the Code of 1882, which we have quoted above, while section 315 of that code, which contained the amendment of 1872 in reference to the collection of costs in transferred cases, is entirely omitted from the Code of 1895, and no reference is made thereto in any way. If, however, section 771 above quoted is carefully read, it will be seen that it was intended to make provision for all of the cases which were covered both by sections 300 and 315 of the Code of 1882. This is undoubtedly true if we have properly construed section 315. It is not contemplated by the county court law that the county judge should be

a disbursing officer as to anything except the costs collected by him for the officers of his court and officers of the superior court. All fines collected by him must be paid over to the county treasurer. Section 775 of the Penal Code provides that insolvent costs due bailiffs "shall be paid from the fines and forfeitures paid to the county treasurer from cases in the county court." Section 776 declares that insolvent costs due justices and constables "shall be paid out of the fines and forfeitures in this court in the same manner as costs of the bailiff are paid." We know of no law which authorizes the county judge to pay either to the officers of his own court or to the officers of the superior court any part of the fines collected by him. If the officers of the county court or the officers of the superior court have any claim upon the fund now in the hands of the county judge of Screven county, they must assert the same after the fund has been paid over to the county treasurer. See in this connection Penal Code, §§ 1092, 1093, 1094, 1096, 774. *Gamble* v. *Clark*, 92 *Ga.* 695. The court erred in making the mandamus absolute.          *Judgment reversed.    All the Justices concurring.*