HARDWICK *et al. v.* BURKE, treasurer.

The officers of the superior court have no lien or claim, on account of insolvent costs due them in cases transferred from the superior to the county court, upon fines in the county treasury arising in the county court upon other cases transferred from the superior court.

Argued June 8, — Decided July 20, 1901.

Application for mandamus. Before Judge Brinson. Screven superior court. February 15, 1901.

*T. W. Hardwick, B. T. Rawlings,* and *White & Boykin,* for plaintiffs. *E. K. Overstreet,* for defendant.

COBB, J. In *Overstreet v. Rawlings,* 106 *Ga.* 793, it was held that it was the duty of the judge of the county court to pay over to the county treasurer amounts collected by the county judge as fines imposed in the county court upon persons convicted of offenses against the criminal law; and that if the officers of either the superior or the county court had any claim upon the funds derived from this source, it should be asserted against the county treasurer. The present case presents the question as to whether the officers of the superior court have any lien or claim upon funds in the hands of the county treasurer, paid to him by the county judge from fines imposed and collected in the county court in cases transferred from the superior court, for the insolvent costs due such officers in other cases transferred from the superior court. The law provides that the officers of the superior court shall be paid their insolvent costs which have accrued in that court out of the fines and forfeitures in the county treasury received from the superior court. Penal Code, § 1092. The law also provides that any officer of the county court having a claim for insolvent costs may present to the county judge an itemized bill of the costs claimed, and when the same is approved and entered on the minutes of the county court, or other book kept for that purpose, the order of approval shall be a warrant on the county treasurer, payable out of the fines and forfeitures arising in the county court. Penal Code, § 1093. We know of no other law than this which authorizes the county judge to grant an order which would have the effect of a warrant upon the county treasurer for costs due public officers. No person can claim any right under this provision who is not an officer of the county

court. It is claimed that the officers of the superior court are, within the meaning of this provision of the law, officers of the county court, so far as their rights to claim payment for insolvent costs due them in cases transferred from the superior to the county court are concerned. We do not think the General Assembly intended the expression "officers of the county court" to include any other person than one who is directly and officially connected with that court, and we have no authority for saying that they meant officers of the superior court when they have expressly said officers of the county court, and used no language to indicate that any other persons are to be included than those described in the law. It may be that it is a very great hardship upon officers of the superior court not to be allowed to participate in the distribution of the fines and forfeitures arising in the county court from cases transferred from the superior court; but to hold that they have such right under the law as it now stands would, in our opinion, be doing violence both to the letter and spirit of the law.

*Judgment affirmed. All the Justices concurring.*