DAVISON, administrator, *et al. v.* SIBLEY *et al.; et vice versa.*

1. An executor under a will probated in common form, who is called upon by heirs at law to probate it in solemn form, is entitled to an allowance of reasonable counsel fees out of the estate for such service, notwithstanding the will may be refused probate.

2. But if the executor in bad faith and in fraud of the rights of heirs attempt to probate a pretended will, he is not entitled to reimbursement from the estate for expenses incurred in his effort to defraud the heirs.

3. The good faith of the counsel of the executor is immaterial, as his right to compensation out of the estate is dependent upon the right of the executor to have an allowance from the estate for reasonable and necessary expenses incurred upon compliance with the demand of the heirs to probate the will in solemn form.

OCTOBER 14, 1913.

Exceptions to auditor's report. Before Judge Walker. Greene superior court. October 15, 1912.

*George A. Merritt* and *James Davison,* for Davison et al.

*Samuel H. Sibley* and *Noel P. Park,* contra.

EVANS, P. J. A paper purporting to be the last will and testament of Reuben A. Credille was admitted to record as having been proved in common form, and letters testamentary issued to Florence Credille, the person nominated therein as executor. Certain children of Reuben A. Credille filed a proceeding requiring probate of the will in solemn form, and entered their caveat thereto. The executor employed counsel to probate the will per testes, and a long litigation ensued. The result of the first trial was in favor of the caveators, and the verdict was set aside by the Supreme Court. 123 *Ga.* 673 (51 S. E. 628). A second trial was had, which again resulted in a verdict for the caveators; and this verdict was upheld. 131 *Ga.* 40 (61 S. E. 1042). Administration was then had upon the estate of Reuben A. Credille, and the administrator brought a bill for direction, praying instructions, among other things, whether he should pay from the assets of the estate the fee of certain attorneys for services rendered to the executor in the litigation over the probate of the will in solemn form. The case was referred to an auditor, who reported, on this issue, that the services rendered by the attorneys were reasonably worth the sum demanded; and that the employment was in behalf of the estate, and not by the executor as an individual, though he was personally interested in the probate of the will.

The auditor further reported that the executor had not acted in good faith in pressing the will for probate; and on this account he adjudged that the attorneys could not recover their fees from the estate. Exceptions of law and fact were filed to the auditor's report; and the court sustained the exceptions of law, disregarding as immaterial the exceptions of fact to the auditor's finding that the attorneys acted in good faith in representing the executor, but that the executor acted in bad faith in attempting to probate the will of Reuben A. Credille. The ruling of the court was, that, independently of the good faith of the attorneys in representing the executor and of the bad faith of the executor in attempting to probate the will, the attorneys were entitled to reasonable compensation for their services in the attempt to probate the will in solemn form, payable from the assets of the estate of Reuben A. Credille. A decree was taken in accordance with this ruling. The administrator excepts to so much of the judgment as sustains the exceptions of law, and the attorneys by cross-bill except to the dismissal of their exceptions of fact as immaterial.

1. We think that the executor's right to be compensated out of the estate for necessary expenses incurred in an unsuccessful attempt to probate a will in solemn form, at the instance of an heir at law, after the will has been probated in common form, depends upon the duty of the executor in this respect towards the estate he represents. According to the English ecclesiastical law a will was proved in common form on the oath of the executor and without notice, but after it had been proved in common form the executor could be compelled to prove it in solemn form. This is spoken of as calling in the probate. This could be done at any time, unless there was unreasonable delay in making the application. Our statute, however, limits the time to seven years, and with this modification our statutes concerning the probate of wills in common and solemn form do not substantially differ from the old English ecclesiastical law. *Vance* v. *Crawford,* 4 *Ga.* 445; *Brown* v. *Anderson,* 13 *Ga.* 171; Hoyle *v.* Hasted & Pearson, 6 Eng. Ecc. Rep. 313.

Where an executor proves a will in common form on the oath of one of the witnesses, and heirs' at law call upon him by an application in writing, duly served, to appear before the ordinary and show cause why the probate should not be set aside on the ground

that the testator at the time of making the pretended will was not of sound mind or was under undue influence, etc., it is the duty of the executor to see that all persons interested are notified. *Evans* v. *Arnold,* 52 *Ga.* 169, 179. If the executor appears in obedience to the notice to prove the will in solemn form, the burden is upon him to make a prima facie case. *Peale* v. *Ware,* 131 *Ga.* 828 (63 S. E. 581). The practice in this regard is mentioned for the purpose of showing that the relation of the executor to the estate in the matter of the probate of a will in solemn form is different where the will has never been probated and where it has been previously proved in common form. In the former case he may be required to file the will, if in his possession, with the ordinary (Civil Code of 1910, § 3862), but he is not compelled to offer it for probate; while, in the latter case, having elected to probate it, and having qualified as executor, he is under a duty to prove it in solemn form when required by an heir within the statutory period. A probate in common form means something. An executor qualifying under such probate is empowered to collect the assets and pay the debts of the testator. Purchasers under sales from him legally made will be protected, if bona fide and without notice. Such probate is conclusive upon all persons, not under disability, after the expiration of seven years. Civil Code (1910), §§ 3855, 3857. It would therefore seem to be the executor's duty to offer the will for probate in solemn form when called upon to do so by heirs, and to press the probate in good faith, and to make the necessary preparation for trial. The employment of counsel is a necessary incident to the duty imposed on the executor to probate the will in solemn form upon the demand of an heir; and it would be inconsistent with every principle of reason, law, and justice not to allow to the executor, out of the estate of the deceased, the expenses necessarily incurred by him in the faithful discharge of his duty. *Compton* v. *Barnes,* 4 Gill, 55 (45 Am. D. 115); *Phillips* v. *Phillips,* 81 Ky. 328. And see *Varner* v. *Goldsby,* 22 *Ga.* 302, and *Francis* v. *Holbrook,* 68 *Ga.* 829. If the will previously had not been admitted to probate in common form, and letters testamentary had not been granted thereon, a strong argument might be made against an allowance of counsel fees to the executor for an unsuccessful attempt to probate. See *Dodd* v. *Anderson,* 197 N. Y. 466 (90 N. E. 1137, 27 L. R. A. (N. S.) 336, 18 Ann. Cas. 738).

2.   However, if the executor in bad faith undertakes to probate a paper which, because it is a forgery or was fraudulently procured, or the like, is not the last will of the deceased, he will not be allowed to charge the estate with the expense of counsel in his unsuccessful effort to set up a pretended will, notwithstanding it may have been previously probated in common form.   That is to say, if the executor fraudulently undertakes to probate a pretended will, the expenses incident to his effort to defraud the heirs will not be charged against those whom he is endeavoring to defraud.

3.   The good faith of the counsel employed, or their ignorance of the executor's fraudulent intent or purpose, is immaterial. Their right to be paid from funds of the estate of the deceased is not primary, but secondary.   It is only when the executor may create a lawful charge against the estate that counsel may be compensated out of the assets of the estate.

*Judgment reversed on both bills of exceptions. All the Justices concur.*