## 20063. PEEK et al. v. IRWIN, administrator.

BROYLES, C. J. 1. "If a will be lost or destroyed subsequently to the death, or without the consent, of the testator, a copy of the same, clearly proved to be such by the subscribing witnesses and other evidence, may be admitted to probate and record in lieu of the original; but in every such case the presumption is of revocation by the testator, and that presumption must be rebutted by proof." Civil Code (1910), § 3863.

2. "In a proceeding to establish a lost will the execution of the will must be proved by the three subscribing witnesses as in an application for the probate of a will in solemn form." *Scott* v. *Maddox*, 113 *Ga.* 795 (39 S. E. 500, 84 Am. St. R. 263). It follows that the ruling in *Young* v. *Freeman*, 153 *Ga.* 827 (113 S. E. 204), that where one named as an executor in the will of a deceased testator propounds the instrument for probate in solemn form, *without having first propounded it in common form*, and where a caveat raising the issue of devisavit vel non is filed thereto, and upon the final hearing of that issue the will is set aside, the propounder is not entitled to attorney's fees and costs incurred in prosecuting the suit, is not applicable in a proceeding to establish a lost or destroyed will.

. 3. Where one named as executor in the will of the deceased testator (the will being destroyed or lost after the death, or without the consent, of the testator) *is cited by the majority of the legatees named in the will to propound the instrument for probate in solemn form*, and he, after setting up a copy of the lost will, does so, and a caveat is filed by the administrator of the estate, and subsequently the ordinary, after proper notice and a hearing upon the application, passes an order admitting the will to record and directing that letters testamentary issue to the executor in terms of the law, and where finally after lengthy litigation the will is set aside, the executor is entitled to recover from the estate of the deceased testator reasonable attorney's fees and the costs incurred in prosecuting the suit, provided that it appear that he acted in good faith therein. See, in this connection, *Davison* v. *Sibley*, 140 *Ga.* 707 (79 S. E. 855), and cit.; *Varner* v. *Goldsby*, 22 *Ga.* 302; *Young* v. *Freeman*, supra.

4. Under the above-stated rulings and the facts of the instant case the petition set out a cause of action and the court erred in dismissing it on general demurrer.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 10, 1929.

*J. H. McCalla,* for plaintiff.
*George & John L. Westmoreland,* for defendant.

