## WILDER v. FEDERAL LAND BANK OF COLUMBIA et al.

GILBERT, Justice. 1. Where a testator bequeathed and devised all of his property, both real and personal, to his wife for life, and at her death to his three adult sons, and the wife was named in the will as executrix, and on her own initiative probated the will in solemn form and duly qualified as executrix, going into possession of the property and managing it as her own, and where she applied for a loan on the realty, representing in her written application that the money was desired for use as purchase-money in obtaining the remainder interest of her three sons, and she acquired from them a warranty deed to their remainder interest, and she then executed to the lender on August 9, 1924, a security deed in which she represented that she owned the property in fee simple and was seized and possessed of the same; and where on December 4, 1933, after application therefor, the widow had set apart as a year's support for herself the same land conveyed by the aforesaid security deed at the time that she received a loan of $3300, and also executed her note for the same; and where, upon default in payment of the loan, the lender was proceeding to sell the land under the power contained in the security deed, and the widow filed a petition to enjoin the sale: *Held,* that under the facts the widow is estopped from setting up, as against the holder of the security deed, the judgment of the court of ordinary setting apart the land in controversy as a year's support. The court did not err in denying an injunction.

2. It is not the duty of an executor in a putative will to probate the same in solemn form, where it has not been previously probated in common form, and not then unless he is cited by the heirs, or others entitled to do so, to propound the instrument in solemn form. *Irwin* v. *Peek,* 171 *Ga.* 375 (155 S. E. 515). See also *Davison* v. *Sibley,* 140 *Ga.* 707, 709 (79 S. E. 855); *Young* v. *Freeman,* 153 *Ga.* 827, 830 (113 S. E. 204).

*Judgment affirmed. All the Justices concur.*

No. 11268. JUNE 12, 1936.

W. E. *Watkins* and C. L. *Redman,* for plaintiff.

*Harry D. Reed, G. Stokes Walton,* and *H. M. Fletcher,* for defendants.