WILDER *v.* FEDERAL LAND BANK OF COLUMBIA *et al.*

No. 12057. MARCH 14, 1938.

*C. L. Redman, W. E. Watkins,* and *B. B. Garland,* for plaintiff.

*G. Stokes Walton, Harry D. Reed, H. M. Fletcher,* for defendants.

ATKINSON, Presiding Justice. ■ On exception to a judgment in this case refusing an interlocutory injunction, it was said: "Where a testator bequeathed and devised all of his property, both real and personal, to his wife for life, and at her death to his three adult sons, and the wife was named in the will as executrix, and on her own initiative probated the will in solemn form and duly qualified as executrix, going into possession of the property and managing it as her own, and where she applied for a loan on the realty, representing in her written application that the money was desired for use as purchase-money in obtaining the remainder interest of her three sons, and she acquired from them a warranty deed to their remainder interest, and she then executed to the lender on August 9, 1924, a security deed in which she represented that she owned the property in fee simple and was seized and possessed of the same; and where on December 4, 1933, after application therefor, the widow had set apart as a year's support for herself the same land conveyed by the aforesaid security deed at the time that she received a loan of $3300.00, and also executed her note for the same; and where, upon default in payment of the loan, the lender was proceeding to sell the land under the power contained in the security deed, and the widow filed a petition to enjoin the sale: *Held,* that under the facts the widow is estopped from setting up, as against the holder of the security deed, the judgment of the court of ordinary setting apart the land in controversy as a year's support. The court did not err in denying an injunction." *Wilder v. Federal Land Bank of Columbia,* 182 *Ga.* 551 (186 S. E. 196). The foregoing decides as matter of law that in the circumstances the petitioner was estopped. Therefore the ruling was applicable on trial of the main case as relates to the question of estoppel where the facts are the same. On the question of estoppel the facts authorized direction of a verdict in favor of the defendant.

■ The loan in question was applied for and consummated under sec. 771 of the Federal farm-loan act, 12 U. S. C. A. c. 7, §§ 641-1012. The note secured by deed provided for payment of principal and interest according to a plan of amortization, whereby principal and interest for a long term of years were calculated in

one amount and divided into semi-annual *installments* of stated amounts, payment of which would gradually reduce and finally discharge the loan. The contract also provided for reimbursement to the lender for all sums paid by him for insurance and taxes on the property. The borrower became delinquent in payment of installments, taxes, and insurance. The dwelling-house burned in 1930. There were two fire-insurance policies, one for $1200, with a mortgage clause making the loss payable to the lender; the other for $800, not containing a mortgage clause, but which after the loss was assigned by the insured to the lender, the assignment stating that the amount is "to be applied as payment on principal debt due said Federal Land Bank of Columbia, or to be used to rebuild on said premises, as said Bank may deem fit and proper." The borrower did not give direction as to application of the $1200 policy, except as authorized by the mortgage clause in the policy. The lender collected the respective amounts of the policies, and applied the first to payment of principal debt and the second to delinquent installments, taxes and insurance, and attorney's fees for making the collection. The borrower was notified of the application, and made no objection until after the decision of the Supreme Court cited above, when she amended her petition by attacking the application of the fund to principal, contending that it should have been applied only to *installments,* taxes, and insurance, the effect of which would be to prevent the loan from being in default at the time of the attempted foreclosure, and cut short the time for operation of the loan as provided in the contract. After application of the fund to principal, the borrower paid one of the stipulated installments, and assigned the second policy, the payment of which was delayed but finally collected and the proceeds applied to delinquent installments and taxes. After such application other installments and taxes became delinquent, and the lender proceeded to foreclose by exercise of the power of sale, which the borrower sought to enjoin. In these circumstances the borrower will be deemed to have assented to application of the fund to principal, and can not complain thereof in law or equity after the fund has been so applied. And further, where after such application of the fund the borrower, after paying one of the stipulated installments, suffered other installments and payment of taxes to fall in arrears, that was ground for declaring the whole debt

due and exercising the power of sale as provided in the contract. ■ Under the pleadings and uncontradicted evidence, the directed verdict for the defendant was demanded, and the judge did not err in refusing a new trial.

Judgment affirmed. All the Justices concur.