Keen *vs.* Rouse.

---

WILLIAM KEEN, plaintiff in error, *vs.* J. W. ROUSE, Ordinary, defendant in error.

(BY TWO JUDGES.) A sheriff is not entitled to costs on tax *fi. fas.*, whether for State or county taxes, unless the same be collected from the defendants. Nor does the fact that the *fi. fas.* issued illegally under order of the Inferior Court, alter the rules. 20th February, 1872.

Tax. Costs. Sheriffs. Before Judge STROZIER. Worth Superior Court. May Term, 1871.

Keen, as sheriff, claimed that Worth county owed him costs for levying certain county tax *fi. fas.* and advertising

Keen *vs.* Rouse.

sales thereunder. He admitted that the property was not sold because the *fi. fas.* were illegally issued, and yet he asked that the Ordinary be compelled to direct the treasurer to pay his costs. Court refused to grant the *mandamus.* This refusal is assigned as error.

D. H. POPE, by J. D. POPE, for plaintiff in error.

HARRIS & SMITH, for defendant.

MONTGOMERY, Judge.

This was an application for a *mandamus* to compel the Ordinary to give the plaintiff an order on the county treasurer for fees which he claimed was due him, as sheriff, for levying certain *fi. fas.* on land in the county of Worth, which *fi. fas.* were issued by order of the Inferior Court, before that Court was abolished. The plaintiff also sought to embrace in the order about $60 00, expended by him in advertising the lands for sale. The sale was stopped and the levies ordered to be dismissed by the Comptroller General, as the order of the Inferior Court was illegal. It is conceded that the order was illegal, but contended that, nevertheless, the sheriff is entitled to his fees, as he is only a ministerial officer and must obey the mandates of the Courts. It is true, that he must obey the Courts, but we do not think it follows that he is, in the present case, entitled to his fees. A sheriff is sometimes required to do an act for which no compensation is provided; as, for instance, to attend upon all elections. He who takes the office, takes it with the obligation resting on it, to perform all its duties, as well as those for which fees are provided, as those having no pecuniary emolument attached to them. Section 890 of the Code, provides that no sheriff shall receive costs on any tax *fi. fa.,* unless the same be collected from the defendant. The necessary inference is, if he fails to collect them from the defendant, the service must go unawarded.

Judgment affirmed.