Thomas, county judge, *vs.* Thomas, county solicitor.

Where a true bill for a misdemeanor is found in the superior court of Clarke county, transferred to the county court, and there tried, the county solicitor is not entitled to any fee for drawing the bill. It belongs to the solicitor general.

Costs. County matters. Courts. Criminal law. Before Judge BARTLETT. Clarke Superior Court. August Term, 1878.

Reported in the decision.

T. W. RUCKER, by HOPKINS & GLENN, for plaintiff in error, cited, acts 1876, p. 61; Code, §§1646, 315.

BARROW BROS.; L. W. THOMAS, for defendant, cited acts 1876, p. 61; Code, §§314, 315, 1646; acts 1874, p. 62; Cobb's

Dig. 353; Mar. & C. Dig. 230. Intention of law, 3 *Ga.*, 146; 14 *Ib.*, 674; 38 *Ib.*, 544; 33 *Ib.*, 413; 2 *Ib*, 252; 10 *Ib.*, 65; 52 *Ib.*, 664; 57 *Ib.*, 332.

WARNER, Chief Justice.

This was an application for a *mandamus* by the solicitor of the county court of Clarke county, against the county judge of that county, requiring him to show cause why he should not tax certain costs claimed by said solicitor in the bill of cost, in a case tried in said county court for malicious mischief, the bill of indictment therefor having been found in the superior court and transferred to the county court for trial. Upon hearing the answer of the respondent, the court made the *mandamus* absolute, and ordered the county judge to tax in the bill of cost the sum of five dollars for the county solicitor's fee in said case, the same being a misdemeanor under the provisions of the Code. Whereupon the county judge excepted.

By the 4646 section of the Code, the solicitor general, for each person indicted or presented in the superior court, is entitled to a fee of five dollars. By the 377th section, it is made his duty to draw up all indictments or presentments when requested by the grand jury. The solicitor general had drawn up the indictment against Lester, which was found by the grand jury in the superior court, and there can be no doubt that he was legally entitled to receive his fee of five dollars therefor. By the 315th section of the Code, it is provided that when an indictment for a misdemeanor, found in the superior court, shall be transferred to the county court for trial, and the party indicted shall be adjudged liable to pay costs or a fine, or both, it shall be the duty of the county judge to collect the same, and to deduct therefrom the costs due to the solicitor general and pay it over to him, or to retain it subject to his order. The general assembly did not intend that the solicitor general should be deprived of his cost for drawing the bill of in-

dictment, because the same was transferred to the county court for trial, and therefore provided for the payment of it.

The act of 1876 providing for the appointment of a county solicitor for Clarke county, makes it his duty to represent the state in all criminal cases in the county court, and declares that he shall have the same fees as are now allowed to the solicitor general for similar services, but that will not entitle him to receive the fee due to the solicitor general for drawing the indictment in tranferred cases from the superior to the county court, because *he* did not perform that service. But it is said the county solicitor gets no pay for his trouble in attending the trial of transferred misdemeanor cases in the county court. Whether the general assembly intended that he should attend the trial of the transferred cases in consideration of the other fees allowed him, we do not know, but we do know that no specific fee is allowed him for that service, and until the law-making power of the state shall provide compensation for that special service, the courts have no power or authority to do so. When a public officer claims fees for his services, he should be able to show clear authority of law in support of that claim to entitle him to have it allowed. On the statement of facts disclosed in the record, the court erred in making the rule *nisi* for a *mandamus*, absolute against the county judge.

Let the judgment of the court below be reversed.