Hall, J.
Neither under the general law nor under the special statutes applicable to the County Court of Sumter county, does any reason appear for interfering with the power, prerogative and duty of the county solicitor in prosecuting cases transferred from the Superior Court, merely because they are so transferred.
2. In cases of misdemeanor the solicitor general of the circuit is entitled to a fee of five dollars for each person prosecuted to trial, or who pleads guilty, or for each bill of indictment he draws, whether it is found true or ignored by the grand jury. This is all the fee which the law allows, and neither the State nor the accused can be taxed with double costs. Where such cases are transferred from the Superior to the County Court, the right of the solicitor-general to this cost being complete before the case was transferred to the County Court, he was preferred (under the Code §1646 subsec. I,) and an order for insolvent costs in such cases to the latter was properly refused. 61 Ga., 70, 72.
(a) There is nothing in the two acts passed in 1883 in respect to the County Court of Sumter county which makes provision for this special service. Acts 1882-3. p, 530, 533.
(b) The judge of tne County Court had no jurisdiction to determine the question of an equitable division of fees between the solicitor of that Court and the solicitor-general; that jurisdiction and power is vested in the judge of the Superior Court. Code, §299 (f.)
(c) How far this rule of equitable division was modified, if at all, *327 by the special acts relating to Sumter county, is not decided, not having been determined by the judge of the Superior Court. Code, §4251.
Guerry & Son, by brief, for plaintiff in error.
No appearance for defendant.
Judgment affirmed.