WALKER *et al. vs.* SANFORD, ordinary, and *vice versa.*

1. Where an election was held in a county to determine the question submitted to the voters for or against the sale of spirituous liquors, under the act of 1885, and at one precinct one of the three superintendents who managed the election was neither an ordinary, justice of the peace nor freeholder, the election at such precinct was illegal, and the ordinary acted properly in refusing to count the vote thereof.

2. Where an election was held at a place three miles from that which had been established as an election precinct, it was illegal, and there was no error on the part of the ordinary in refusing to count the vote so cast.

3. There is no provision made in the act of 1885, in cases of contest, for any costs, nor for requiring the payment thereof; nor is there any general law on the subject.    There being no provision for awarding costs, it was error to award them against the county.

4. Before the docket of the circuit to which these cases belonged was reached, it being brought to the attention of the court that in the case of *Sanford, ord'y, vs. Walker et al.*, the clerk of the superior court had failed to mark the bill of exceptions filed in office or to certify the same, on motion, it was ordered that the bill of exceptions be returned to such clerk, with directions to endorse on the bill of exceptions the true date on which it was filed in his office, or, if it never was filed, to send his certificate to that effect in answer to the order of court, and if the bill of exceptions was filed in his office and was the true original, so to certify the same, or, in default thereof, to show cause, on the call of the case, for his failure to do so.    The clerk returned the bill of exceptions with an entry of filing thereon and a certificate attached thereto.    (Rep.)

January 18, 1887.

Elections. Costs. Practice in Supreme Court. Before Judge LAWSON. Baldwin Superior Court. July Adjourned Term, 1886.

Reported in the decision.

Jos. S. TURNER; W. B. WINGFIELD; W. L. JACKSON, for plaintiffs.

C. P. CRAWFORD, for defendant.

BLANDFORD, Justice.

There are two questions made by this record : (1st) Is an election held by three persons, one of whom is neither an ordinary, justice of the peace nor freeholder, valid and legal ? (2d) Is an election legal which is held at a place different from that which has been established according to law as an election precinct ? The court below held the election held by a person who was not an officer nor a freeholder was invalid, and that the ordinary did right to refuse to count the vote of such an election ; and also that the ordinary did right to refuse to count the votes of an election held at a place different from that which had been established as an election precinct. This decision is excepted to and error thereon assigned to this court.

1. An election was held in the county of Baldwin, under the act of 1885, for and against the sale of spirituous liquors, and at one precinct, one Farrar acted as a manager, and he was neither an officer nor a freeholder ; it was also held at another place, which place was three miles from the place which had been established as an election precinct. Upon a contest, under the act, all questions of law and fact were, by the consent of parties, referred to his honor, Hon. Thomas G. Lawson, the presiding judge, for his determination, and he ruled as before set forth. We think the case was properly ruled and decided by the court below, and that any other ruling would have been errone-

ous, and that our own code determines every question in this case. Section 1282 provides that persons qualified to hold elections are ordinaries, justices of the peace and freeholders; that there must be three superintendents. Farrar, who was a superintendent and one of the three superintendents who held the election at one precinct, was not a freeholder or officer authorized to manage and superintend an election, was not qualified to hold the election under the code; consequently, the election was not legally held at this precinct. There must be three superintendents, and they must be qualified as prescribed by the code; if not, the election is invalid, and the vote should not be counted.

2. By section 1334 of the code, it is enacted: "No election shall be defeated for non-compliance with the requirements of law, if held at the proper time and place by persons qualified to hold them. . . ." This clause contains a negative pregnant, it being big with the contrary proposition, that the election shall be defeated if not held at the proper time and place, and by persons qualified to hold them; and this is what the statute means. It is, therefore, clear that the election held at Butts' instead of Pugh's, the proper place established for such purpose, was likewise invalid. So we think the court below did right in affirming the action of the ordinary in throwing out and refusing to count the vote held at these two precincts, the result being to give a majority in favor of "against the sale."*

3. In the case of *Sanford, ordinary, vs. Walker et al.*, the courts awarded the costs in the contest against the county, and this judgment is excepted to by the ordinary. There is no provision made in the act of 1885, in case of contests, for any costs, nor for the payment of the same, nor do we know of any general law on this subject; none has been shown to us, and unless the law in some way provides for costs, we know of no right in the courts to

---

* See 62 Am. Dec. 424.

establish costs and to provide for their payment. This power is legislative and does not belong to the courts. See *Keen vs. Rouse, ordinary,* 44 *Ga.* 601. Until a recent act of the legislature, the managers of elections received no compensation for holding elections; this was a public duty, such as militia duty, working on roads, etc. So the duties performed by the officers and others in this case are public duties, for which no compensation is provided by law. So we think the court erred in awarding the costs against the county, as there is no provision made in the case for any costs. 2 *Kelly,* 240.

Judgment affirmed in first case; reversed in second.