LUMPKIN COUNTY *v.* WILLIAMS.

1. The fees of ordinaries as prescribed in section 3694 of the code are for services performed by the ordinary as probate judge and clerk, not for services which he performs in exercising his official functions touching county business. The words "For every order passed where no fees are prescribed, 50" (cents), signified, as well before the passage of the amending act of October 22d, 1889, as since, that this fee should be paid for each judicial order passed by the ordinary, and for orders of that class alone. The words never did embrace orders drawn by him ministerially on the county treasurer for the payment of money. Payment for services of the latter kind is provided for in section 3697 of the code of 1882.

2. The county in its corporate name and capacity may maintain a suit against the ordinary for money drawn by him without authority of law from the county treasury and appropriated to his own use, notwithstanding the money may have been paid to him by the treasurer on orders issued by the ordinary in his own favor.

3. Where the declaration sets forth a cause of action and as to a part of the debt sued for is sufficiently certain and specific, it is error to dismiss the action as a whole because another part of the debt is not set forth with the requisite distinctness and certainty. The latter part, when demurred to specially, should be stricken from the declaration, if the plaintiff declines to exercise the privilege of amendment.　　　. *Judgment reversed.*
May 30, 1892.

Counties. Ordinaries. Actions. Practice. Before Judge WELLBORN. Lumpkin superior court. October term, 1891.

A demurrer to the declaration was sustained, to which ruling the plaintiff excepted. The suit was by Lumpkin county against Williams for $600 and interest. The declaration alleged : Since April 27, 1885, to the present time, Williams has been ordinary of the county. Under the fee-bill prescribed by law the ordinary is entitled to fifty cents for each order passed, meaning orders granted judicially in matters before the ordinary as a court and in the court of ordinary, but defendant claims that the allowance of fifty cents applies to and should be made for every order drawn by him on the county treasury, or on the county treasurer. Defendant, during the time he has been in office above stated, has credited himself with fifty cents for each order drawn by him on the county treasurer, and has at various times drawn orders on the county treasurer in his own favor for the amounts thus credited to himself, has presented these orders in his own favor to the treasurer for the same out of petitioner's money, and has received in this way $600 belonging to petitioner to which he has no right. On April 27, 1885, he passed an order on the treasurer for $10 by himself as ordinary, in his own favor, and collected it from the county treasury. He likewise signed and collected orders on the treasurer for various amounts and at various dates during 1885, 1886, 1887, 1888 and 1889 (specified in the declaration), amounting to $285; and he has

signed and collected other orders, amounting in the aggregate to $305, from February 3, 1887, to the present time, and received from the county treasury on the same the sum of $305. He had no claim or right to the amounts for which all of these orders were drawn, and they were void because drawn in his own favor and based on his charges against the county as above stated. The charges were illegal, fraudulent and void, and under pretence of them he has collected from petitioner's treasury $600, knowing at the time that it was petitioner's money and that his orders in his own favor were fraudulent and void. Petitioner prays that he be required to refund the amount mentioned.

The demurrer was upon the grounds: The petition did not set forth a cause of action; and it showed on its face that defendant lawfully did all plaintiff charged him with doing. Defendant specially demurred to so much of the petition as charged him with having unlawfully drawn from the treasury the $305, upon the ground that the charge or demand for said sum was not plainly, fully and distinctly set forth, and did not put defendant on notice of the items that went to make up the charge.

H. H. DEAN, M. L. SMITH, HOWARD THOMPSON and GEORGE K. LOOPER, for plaintiff.

PRICE & CHARTERS, R. H. BAKER and M. G. BOYD, contra.