[Civil No. 829.    Filed March 26, 1904.]

[76 Pac. 465.]

## C. W. JOHNSTONE, Plaintiff and Appellant, v. J. H. ROBERTSON, Defendant and Appellee.

1. ELECTIONS — CHANGE OF POLLING-PLACE — REV. STATS. ARIZ. 1901, PARS. 2305, 2306, HELD MANDATORY.—Paragraph 2305, *supra,* provides that the board of supervisors must at least fifteen days prior to an election designate the place within each precinct where it shall be held. Paragraph 2306, *supra,* provides that if it cannot be held at the place designated, the justice of the peace or the election board must two days before the election designate the place by written notice. These provisions are mandatory. The action of an election board in holding an election at a ranch house instead of at the schoolhouse designated by the supervisors, without any attempt to comply with the requirements of the law relative to a change of the polling-place, and without any necessity or sufficient reason appearing to justify it, renders the election held there invalid, and the votes cast in that precinct cannot be counted.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Edward Kent, Judge. Affirmed.

The facts are stated in the opinion.

C. F. Ainsworth, for Appellant.

The court erred in refusing to admit in evidence the votes cast in Phœnix Precinct No. 4, at polling-place in school district No. 35, for the reason that the said votes were legally cast there and were proper and material evidence in this contest, and should have been counted by the court. *Dale* v. *Irwin,* 78 Ill. 170; *Preston* v. *Culbertson,* 58 Cal. 198; *Far-*

*rington* v. *Turner,* 53 Mich. 27, 51 Am. Rep. 88, 18 N. W. 544; *Whipley* v. *McKune,* 12 Cal. 352; *People* v. *Cook,* 14 Barb. 290; *Holland* v. *Osgood,* 8 Vt. 280; *Corliss* v. *Corliss,* 8 Vt. 373; *Marchant* v. *Langworthy,* 6 Hill, 646; *People* v. *Cook,* 14 Barb. 259; *People* v. *Vail,* 20 Wend. 12; *People* v. *Cicott,* 16 Mich. 283, 97 Am. Dec. 141; *Election case of Wheelock,* 82 Pa. St. 297; *Simons* v. *People,* 119 Ill. 617, 9 N. E. 220; *Steele* v. *Calhoun,* 61 Miss. 556; *Wakefield* v. *Patterson,* 25 Kan. (709) 495; *Broadhead* v. *City of Milwaukee,* 19 Wis. 624, 88 Am. Dec. 711.

If the law itself declares a specified irregularity to be fatal, the courts will follow that command, and in that sense such laws are strictly mandatory; but in the absence of such declaration the judiciary endeavor as best they may to discern whether the deviation from the prescribed form had or had not so vital an influence upon the proceeding as probably prevented a free and full expression of the popular will. If it had, the irregularity is held to vitiate the entire return; otherwise, it is considered immaterial. Courts justly consider the chief purpose of such laws—namely, to obtain a fair election and an honest return—as paramount in importance to the minor requirements which prescribe the formal steps to reach an end, and in order not to defeat the main design are frequently led to ignore such innocent irregularities of election officers as are free of fraud if they do not interfere with the full and fair expression of the voters' choice. *Bowers* v. *Smith,* 111 Mo. 45, 33 Am. St. Rep. 491, 16 L. R. A. 754, 20 S. W. 101; *Davis* v. *State,* 75 Tex. 420, 12 S. W. 957; *Stemper* v. *Higgins,* 38 Minn. 222, 37 N. W. 95; *Parvin* v. *Wimberg,* 130 Ind. 561, 30 Am. St. Rep. 254, 15 L. R. A. 775, 30 N. E. 790; *City of Chicago* v. *People,* 80 Ill. 496; *Peard* v. *State,* 34 Neb. 372, 51 N. W. 828; *Ex parte White,* 33 Tex. Cr. 594, 28 S. W. 542; *Roper* v. *Scurlock,* 29 Tex. Civ. App. 464, 69 S. W. 456.

Walter Bennett, for Appellee.

That the changing of the place for holding the election in the manner done in this case was illegal, see *Knowles* v. *Yates,* 31 Cal. 83; *Tebbe* v. *Smith,* 108 Cal. 111, 112, 49 Am. St. Rep. 68, 41 Pac. 454, 29 L. R. A. 673; *Atkinson* v. *Lorbeer,* 111 Cal. 424, 44 Pac. 162; *Russell* v. *McDowell,* 83 Cal.

70, 23 Pac. 183; *Melvin's Case,* 68 Pa. St. 333; *Heyfron* v.
*Mahony,* 9 Mont. 497, 24 Pac. 93; *Williams* v. *Potter,* 114
Ill. 628, 3 N. E. 729; *Snowball* v. *People,* 147 Ill. 260, 35
N. E. 538; *Morrison* v. *Markham,* 78 Ga. 161, 1 S. E. 425.

DOAN, J.—This is a contest of the election of the appellee,
J. H. Robertson, to the office of justice of the peace of Phœnix
Precinct, at the general election held November 4, 1902.  The
only question involved in this appeal is the admissibility of
the votes cast at school district No. 35, that being one of the
polling-places within the election precinct designated as
"Phœnix Precinct No. 4."  All the votes were recounted by
the court.  No question is now raised by appellant as to the
action of the court in admitting or rejecting any of the other
ballots offered in evidence, but merely as to the action of the
court in rejecting the twenty ballots found by the court to
be valid as far as their form is concerned, which were cast
at school district No. 35, and which the court rejected because
there was a non-compliance with the law, in the opinion of
the court, in that particular polling or election precinct, in
that the votes were received at a place other than the one
designated by the board of supervisors as a polling-place
in that precinct.  The place designated was the schoolhouse
in school district No. 35, and the place where the votes were
actually cast and received was at a house known as "Heard's
Ranch House," in the same precinct, but about half a mile
distant from the schoolhouse.  It appears from the record
that the regular election board as appointed by the board
of supervisors presided at the election held at the ranch house,
and that the proceedings were in all respects proper and regu-
lar, except as to the place of holding the election.  The ranch
house at which the election was held was about half a mile
distant from the schoolhouse, and in plain view therefrom.
The witnesses for the contestant testified that the election
was not held at the schoolhouse in that precinct because
school was in session there that day.  The only evidence in
the record of any notice given of any change in the place
of holding the election was the testimony of Larsen, one of
the judges of the election.  He stated that "some children
(who attended the school) came back by our place every day,
and they were notified some six or seven days ahead."  Our

statutes (Rev. Stats. 1901) provide (par. 2305): "The board must, at least fifteen days prior to an election, issue its order designating the house or place within each precinct where the election must be held." Paragraph 2306: "If the board fail to designate the house or place for holding the election, or if it cannot be held at the house or place designated, the justice of the peace in the precinct must, two days before the election, and by an order under his hand (copies of which he must at once post in three public places in the precinct), designate the house or place, or if there be no justice of the peace there, the election board, by similar notices posted as in this section provided, may designate the place." It appears from the record that the board issued its order in accordance with paragraph 2305, designating the house within this precinct where the election must be held. There is nothing in the record to indicate that the election could not have been held at the house designated, further than the opinion or conclusion of the election board; and that was evidently arrived at some days prior to the day of election, because it was stated that they notified the school children "some six or seven days ahead." It does not appear from the record that an order designating the place at which the election would be held was made by the justice of the peace in the precinct two days before the election, or that, there being "no justice of the peace there, the election board, by similar notices," posted as provided in paragraph 2306, "designated the place." It is the general rule, to which there are very few exceptions, that the statutes relative to the time and place of holding an election are mandatory, and that an election held at any other than the designated place is absolutely void without proof of any fraud or injury. The sole exceptions we have found to this rule are those cases where the impossibility of holding the election at the place fixed by law was discovered immediately before the election, at a date too late to render possible a compliance with the law in the designation of another place. *Dale* v. *Irwin*, 78 Ill. 170; *Preston* v. *Culbertson*, 58 Cal. 198. This latter feature does not enter into the case under consideration. We have no evidence in the record that the election board repaired to the schoolhouse on the day of the election, and, being unable to hold the election there, selected the ranch house for that reason. The

evidence presented by contestant that they notified the school children ''six or seven days ahead'' establishes the contrary, so that this cannot be considered as a case of the removal of the polling-place on the morning of election day perforce of necessity.

It is said on this subject in *Heyfron* v. *Mahony*, 9 Mont. 497, 24 Pac. 93, 18 Am. St. Rep. 757: ''What, then, was the legal effect of the removal of the polling-place? . . . Mr. McCrary, in his work on Elections, writes: 'It must be conceded by all that time and place are of the substance of every election, while many provisions which appertain to the manner of conducting an election may be directory only.' Section 141 (3d ed.). The same opinion is expressed by Mr. Paine in his treatise on Elections: 'The requirement that the election shall be held at the place designated by law is not directory; it is mandatory, and must be obeyed.' Section 327. . . . In *Melvin's Case*, 68 Pa. 338, Mr. Chief Justice Thompson says: 'A fixed place, it seems to me, is as absolutely a requisite, according to the election laws, as is the time of voting. The holding of elections at the places fixed by law is not directory; it is mandatory, and cannot be omitted without error. I will not say that, in case of the destruction of a designated building on the eve of an election, the election might not be held on the same or contiguous ground, as a matter of necessity. ''Necessitas non habet legem.'' But then the necessity must be absolute, discarding all mere idea of convenience. . . . To move the place of election . . . from a designated schoolhouse to a vacant house more than half a mile distant therefrom, without authority or any absolutely controlling circumstances, must render the election therein void, and, if the votes taken be counted, constitute an undue election.' See, also, McCrary, Elec. (3d ed.) secs. 123, 124; Paine, Elec. secs. 327-330. The circumstances which do not affect the result when the place designated for the holding of the election has been changed are shown in *Preston* v. *Culbertson*, 58 Cal. 209, wherein the court holds: 'The polls were opened a short distance from and in plain view of the place appointed, the owner of the house selected having objected to the election proceeding at his house; and it does not appear that any voter was misled or deprived of his vote by reason of the change.' *Dale* v. *Irwin*, 78 Ill. 180.''

The appellant states that paragraphs 2305 and 2306 of our Statutes of 1901 as cited are identical with paragraphs 1131 and 1132 of the California statutes, and insists, on the authority of *Preston* v. *Culbertson,* 58 Cal. 198, and *Sprague* v. *Norway,* 31 Cal. 173, that the action of the election officers in selecting the ranch house instead of the place designated by the board was a mere irregularity, which did not affect the final result; and that, as there was no fraud shown on the part of the election officers, the voters of the district should not lose their votes, and the appellant be deprived of the benefit thereof, simply because of a technical violation of the law. The holding in California on that subject is very tersely and forcibly stated in *Russell* v. *McDowell,* 83 Cal. 70, 23 Pac. 183 (decided since the cases cited by appellant), as follows: ''It is well settled that disregard of directory provisions of election laws, in the absence of actual fraud, is no ground for rejecting the entire vote of a precinct. . . . It is only those provisions of the statutes relating to the time and place of holding elections, the qualifications of voters, and such others as are expressly made essential prerequisites to the validity of an election, that are held to be mandatory. . . . All others are directory merely, and a failure to observe them, caused by honest ignorance or mistake, and not resulting in manifest fraud, does not afford ground for rejecting the entire vote of a precinct. . . . The law of this state is ·as it is everywhere else, and ought to be, that disregard of mandatory requirements of the election law, or of merely directory provisions coupled with such actual fraud as makes the true result doubtful, is ground for throwing out the entire vote of a precinct where there is no means of purging the poll.'' We accept this as not only a later utterance of that jurisdiction, but as more definitely decisive of the question under ,consideration; the use of the house designated in the case of *Preston* v. *Culbertson, supra,* as a polling-place only having been denied on the day of the election. The law is mandatory that the election must be held at the place designated by the board of supervisors, unless a change of the polling-place becomes necessary, and when such necessity is known to exist a sufficient length of time prior to the election to enable the place to which such polling-place is changed to be designated as provided by the statute, such designation must be made

in order to render valid an election held there. The action of the board in this instance in holding the election at the ranch house instead of at the place designated by the board of supervisors, without any attempt to comply with the requirements of the law relative to a change of the polling-place, and without any necessity or sufficient reason appearing to justify it, renders the election held there invalid, and the votes cast in that precinct cannot be counted.

The judgment of the lower court is affirmed.

Sloan, J., and Davis, J., concur.