## GOREE et al. v. CAHILL et al.

### No. 3963. Opinion Filed November 16, 1912.

#### (128 Pac. 124.)

1. **ELECTIONS—Validity—Place of Holding.** The requirements of the law relative to the place of holding an election are generally held mandatory, and an election conducted at any other than the designated place is void.

2. **SAME—Mandamus.** On a trial of a proceeding brought for the purpose of securing a writ of mandamus to compel a county election board to meet, canvass, and declare the result of an election, it appeared that the polls were not opened at the council house, the regular voting place, but at the residence of one of the candidates, the location of which with reference to the regular voting place was not shown; that no notice was posted at the council house to inform intending voters of the place of holding the election, nor were the polls opened until between 4 and 6 o'clock; and that but thirteen electors of the town, which had five wards, participated therein, on which evidence the district court allowed the writ. **Held** error; the election being void.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County;*
*Wade S. Stanfield, Judge.*

Application by S. D. Cahill and others for writ of mandamus to D. G. Goree and others, composing the Okmulgee County Election Board. Judgment for plaintiffs, and defendants bring error. Reversed and remanded, with instructions.

*William M. Matthews, Ralph H. Ellison,* and *Joseph W. Childers,* for plaintiffs in error.

*James M. Hayes,* for defendants in error.

DUNN, J. This case presents error from the district court of Okmulgee county, and is a proceeding in mandamus to compel the plaintiffs in error, composing the county election board of that county, to convene and canvass the returns of an alleged election held in the town of Morris in that county on the 2d day of April, 1912, for the purpose of electing a board of trus-

tees for the said town. On the final trial before the court a peremptory writ was issued, and, after the denial of a motion for new trial, the cause was lodged in this court for review.

Among the different grounds presented by the election board, plaintiff in error, why the writ should not have issued, is the one that the election was not held at the legally designated voting place, but was held at the residence of Allen Huff, who is one of the candidates and one of the plaintiffs in the action. As in our judgment this ground under the facts is good and will require the reversal and dismissal of the action, it is not essential that the other grounds presented be considered.

Section 1002a, Comp. Laws 1909, provides:

"All elections held in accordance herewith shall be conducted at the regular voting places or polls used within such cities, towns, and villages at general state elections and in cities of the first class the polls shall be opened at six o'clock in the forenoon and kept open continuously until seven o'clock in the afternoon, and in other towns the polls shall be open at eight o'clock in the forenoon, and close at six o'clock in the afternoon."

From the evidence in the case it appears that there was some controversy as to whether the law required an election to be held in cities, towns, and villages on April 2, 1912. Certain parties filed with the county election board their application to be certified as candidates, but it seems that, on the advice of the county attorney and possibly the Attorney General of the state, it was decided and announced in the newspaper of the village that no election would be held. No election supplies were sent by the board, but on the day in question these plaintiffs, or at least some of them, with nine others of the town, between 4 and 6 o'clock in the afternoon, with no previous proclamation, met and held an election at the residence of one of the said candidates. It appears from the record that the regular place for holding the election in the town was the council house. It is testified, however, that on this day the same was locked. It does not appear that the parties were unable to unlock it, or that any effort was made to do so or to procure its being opened by those in charge of it; nor does it appear that any notice or proclamation of any kind was placed upon the door, nor in its vicinity,

to inform intending voters or participants in the election that the same was being held elsewhere; nor does the record show that the residence where the election was held was in proximity of the said council house. Morris is an incorporated town divided into five wards, and, while the number of electors residing therein is not shown by the record, the claim is made in one of the briefs that there are 133, and the fact that but thirteen votes were cast at this so-called election affords additional reasons for the conclusion to which we have come in holding that there was in fact no election in the said town. A perusal of the record convinces us that, while the proceeding was in some respects conformable to the provisions of section 7, art. 6, c. 31, p. 345, Sess. Laws 1907-08 (section 3202, Comp. Laws 1909), it was not intended by its participants as a *bona fide* election, but merely to give color to the claim that one had been held.

Without noticing the other grounds on which it is claimed it ought to be held void, it is sufficient for us to say that the holding of this election at a place other than the regular voting place of the village and at a private residence, which is not shown to have been in proximity of the council house, where no proclamation was posted, is sufficient to render it void; the rule being that the requirements of the law relative to the place of holding an election are generally mandatory and an election held at any other than the designated place is void. 15 Cyc. 343; *Johnstone v. Robertson,* 8 Ariz. 361, 76 Pac. 465; *Walker et al. v. Sanford, etc.,* 78 Ga. 165, 1 S. E. 424; *Melvin's Case,* 68 Pa. 333; *State ex rel. Wannemaker v. Alder,* 87 Wis. 554, 58 N. W. 1045; *Williams et al. v. Potter et al.,* 114 Ill. 628, 3 N. E. 729. See, also, annotated case of *Whitcomb v. Chase,* 17 Ann. Cas. 1088 (83 Neb. 360, 119 N. W. 673), where the authorities *pro* and *con* are collated and which contains a very satisfactory discussion of the subject.

The judgment of the trial court is, accordingly, reversed, and the cause is remanded, with instructions to dismiss the same.

All the Justices concur.