## 8476.   JOHNSTON, ordinary, *v.* BRADSHAW.

When the judge of the superior court is absent from the county in which
a levy of an execution or other process issued by and returnable to
that court is made on perishable or other property to which the pro-
visions of the code as to speedy sale of property levied on are appli-
cable (Civil Code of 1910, § 6068), the ordinary of the county, acting
in his own judicial capacity as such, is authorized to grant an order
for such sale, and is entitled to such cost in the proceeding as may
be clearly prescribed by the provisions of the Civil Code (1910),
§ 4827, pertaining to the fees of ordinaries.

Decided November 2, 1917.

Taxation of costs; from Chattooga superior court—Judge
Wright. January 3, 1917.

In the absence of the judge of the superior court, the ordinary
granted an order permitting the speedy sale of certain personal
property under a superior court fi. fa., in accordance with the pro-
visions of the Civil Code (1910), § 6068. The ordinary filed with
the sheriff his bill of costs in the sum of $5, made up of the fol-
lowing items: "Receiving application for order to sell, $1.25;
filing and docketing, $2.00; recording same, 350 words at 15 cts.
per hundred, .50; order allowing sale, .50; recording order, .75;"
and the amount of the bill was retained by the sheriff from the
proceeds of the sale. The defendant in error filed a motion in
the superior court to strike the bill of costs, except the item of
fifty cents for the order allowing sale. The motion was heard
upon an agreed statement of facts, and was sustained by the court,
and the ordinary excepted.

*Wesley Shropshire,* for plaintiff in error.

*Harris & Harris,* contra.

Jenkins, J. (After stating the foregoing facts.) Counsel for
the defendant in error contend that the ruling of the superior court
was correct, for the reason that the entire proceeding was in the
superior court, and that the acts performed by the ordinary did
not pertain to the functions of the office of ordinary, but merely
constituted the authority for the sale by the sheriff, whose duty
it was to return the process to the superior court, with all his acts
and doings thereon; that the ordinary had nothing to do with
the proceeding except to take the place of the judge of the superior
court in granting the order to sell, and that the items of cost pro-
vided for by law as going to him in proceedings had in his court

are not applicable to this case, and that for this reason none of the fees are due him, including even the fifty cents which was not actually disputed. If it be true that the order allowing the sale was in fact the act of the superior court, merely taken through the ordinary, we think the position of counsel would be correct; but if the provisions of the Civil Code (1910), § 6068, must be construed to give primary jurisdiction in such a proceeding to the judge of the superior court, and secondary jurisdiction, in his absence, to the ordinary, acting in his own judicial capacity, it would seem that whatever fees are prescribed as going to the ordinary, which might be clearly applicable to a proceeding of this kind, would be due and belonging to him. In our opinion the act of the ordinary granting the order was a judicial one, and not merely ministerial, and in so doing he exercised the functions of his own office, and did not merely exercise powers of the judge of the superior court. It is provided by the Civil Code (1910), § 4785, that whenever an ordinary is disqualified or from other cause is incapacitated to act, the judge of the county or city court may exercise all the jurisdiction of ordinary in such cause. In that instance, the county or city court judge exercises such authority as ordinary, whereas in the present instance, when the judge of the superior court is absent from the county, the ordinary is given authority to act in such a proceeding, not as the representative of the absent judge, but acting in his own judicial capacity as ordinary. And since his judgment in such a proceeding is a judicial act in the furtherance of his own official duties as prescribed by law, we do not think the ruling made in *Lumpkin County* v. *Williams,* 89 *Ga.* 388 (15 S. E. 487), is applicable. In that case it was simply held that the ordinary was not entitled to the fees there referred to for services performed in the exercise of ministerial duties touching county business, but the clear import of that decision is that he is entitled to all fees which may be properly charged for services performed in his judicial capacity as ordinary. It is therefore our opinion that the judgment of the superior court was erroneous, and that the ordinary is entitled to such items of the cost specified by him as are clearly applicable in such a proceeding under the provisions of the Civil Code (1910), § 4827, pertaining to the fees of ordinaries. But when a public officer claims fees for his services, he should be able to show clear

authority of law in support of that claim to entitle him to have it allowed. *Thomas* v. *Thomas,* 61 *Ga.* 70, 72; *Board of Commissioners* v. *Cox,* 65 *Ga.* 81; *Walker* v. *Sheftall,* 73 *Ga.* 806; *Walker* v. *Sanford,* 78 *Ga.* 165, 167 (1 S. E. 424). We think that each of the last three items of cost claimed are properly allowable, but are unable to find any clear authority either for the item designated as "receiving application for order to sell, $1.25," or for the other item, called "filing and docketing, $2.00," and for this reason think they should be stricken.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*