FREEMAN *et al.* v. CALLAWAY, commissioner, *et al.*

</div>

1. Under section 124 of the Code of School Laws (Acts 1919, p. 338), the
   ordinary, in ordering an election upon the question of levying a tax in
   a consolidated school district for educational purposes, is authorized
   and required to prescribe the time (not less than twenty and not more
   than sixty days from the time he receives the petition for that pur-
   pose, signed by the requisite number of the qualified voters of the dis-
   trict) and the place of such election.
2. In prescribing the place for such election the ordinary can designate a
   place other than a regular polling precinct established under section 79
   of the Civil Code.
3. The court below did not err in refusing to grant the injunction prayed
   for by petitioners.

<div style="text-align:center">

No. 6265.　JANUARY 12, 1928.

</div>

Petition for injunction.　Before Judge Perryman.　Wilkes su-
perior court.　September 10, 1927.

*W. A. Slalon,* for plaintiff.　*C. E. Sutton,* for defendants.

HINES, J.　The Tignall Consolidated School District includes
all of the 181st militia district, and most of the territory embraced
in 165th, 167th, 179th, and 180th militia districts, of Wilkes
County.　All of the voting precincts in these militia districts are
included within the boundaries of this school district.　The school-
house of this school district is located in the Town of Tignall,
which is in the 179th militia district.　There is a regular voting
precinct in this town.　The citizens of this consolidated school dis-
trict wished to supplement the funds received from the State pub-
lic-school fund by leving a tax therein for educational purposes.
So they presented to the ordinary of the county a petition from
one fourth of the qualified voters of the district, praying for the
call of an election for that purpose.　Thereupon the ordinary, on
May 6, 1927, passed an order calling an election for such purpose

Schools and School Districts, 35 Cyc. p. 1011, n. 90.

on May 31, 1927. This order provided "that said election be held at the public-school building in the Town of Tignall in said district, under the rules governing ordinary elections and pursuant to the laws of Georgia governing such elections." After due notice the election was held on the day designated, and resulted in favor of the levy of a school tax in this consolidated school district. On August 2, 1927, V. F. Freeman and others, owners of property and taxpayers in said school district, filed their petition against the board of commissioners of roads and revenues, the board of education, and the tax-collector of the county, in which they attacked the validity of the election, and sought to enjoin the collection of the tax, on the ground that the election was held at a place not authorized by law, and for that reason was null and void. The judge refused an injunction, and the petitioners excepted. The sole question for our determination is whether this election was held at a place not authorized by law. If it was held at a place authorized by law, then clearly the trial judge properly declined to grant the injunction sought.

By section 124 of the Code of School Laws it is provided: "Whenever the citizens of any school district wish to supplement the funds received from the State public-school fund by levying a tax for educational purposes, they shall present a petition from one fourth of the qualified voters of the district to the ordinary, who shall order the election not earlier than twenty days nor later than sixty days after the petition is received; provided, that notice of same shall be posted in at least three conspicuous places in the district ten days prior to the election. The election shall be held at a time and place prescribed by the proper authorities, and under rules governing ordinary elections." Acts 1919, p. 338; 8 Park's Code Supp. 1922, § 1438(h). We are called upon to construe that portion of the above law which declares that "The election shall be held at a time and place prescribed by the proper authorities, and under rules governing ordinary elections." It is insisted by counsel for petitioners that said election must be held at a regular election precinct established in accordance with the provisions of section 79 of the Civil Code, at which elections for members of the General Assembly and county officers are held. The contention is, that, under the sentence above quoted from the Code of School Laws, the ordinary has no power to designate the place at which

an election in a school district for levying a tax therein for educational purposes is to be held. It will be noted that under the above section the ordinary must order the election "not earlier than twenty days nor later than sixty days after the petition is received." Thus the ordinary prescribes the time when the election is to be held. The election shall be held at the time thus fixed by his order. When the time is so fixed it is "prescribed by the proper authorities." Not only the time of holding the election must be "prescribed by the proper authorities" (and we have seen that the ordinary is the proper authority), but the place of holding the election must be "prescribed by the proper authorities." As under the above section the ordinary is the proper authority for fixing the time, it would seem to be a necessary deduction therefrom that he is the proper authority to prescribe the place of holding the election. "The election shall be held at the time and place prescribed by the proper authorities."

As the ordinary, under this language, is the proper authority for fixing the time, it would seem to necessarily follow that he is the proper authority for fixing the place for holding the election. He passes the order naming the day of the election. He is the proper authority for this purpose. It would seem necessarily to follow from the language quoted that he is the proper authority for prescribing the place of holding the election. Both time and place are to be prescribed by the proper county authorities. Clearly, if the ordinary is the proper officer to prescribe the time, he is the proper officer to prescribe the place. While the provision of this section of the Code of School Laws upon this subject is not entirely clear and free from doubt, we think that it was the purpose of the legislature that the ordinary, in passing an order calling the election, should fix both the date and the place in the district at which the election should be held. The election is to be held at a place prescribed, and not at various polling places within the school district. There is nothing in the section which provides that this election shall be held at a regular election precinct. In our opinion, under this law the ordinary must prescribe the time and place at which the election is to be held; and he must do this in his order calling the election. It is insisted by counsel for petitioners that the decisions in *Dyson* v. *Pope, 71 Ga.* 205, and *Walker* v. *Sanford, 78 Ga.* 165 (1 S. E. 424), are on all-fours with

the instant case, and must be overruled to uphold this election. We can not concur in this view. In the first of these cases the court was dealing with a county election on the question of "fence or no fence," and this court held that such an election must be held at the court-ground in each militia district. This ruling was based upon the statute under which such election was held, and in which it was declared that such election should be held "at the court-ground in each militia district." In *Walker* v. *Sanford,* this court held that "Where an election was held at a place three miles from that which had been established as an election precinct, it was illegal, and there was no error on the part of the ordinary in refusing to count the vote so cast." In that case this court held that an election must be held at the place or places prescribed by law, and if not so held the election would be void. So in the instant case, if the election was held at an illegal place, it would be void; but if it was held at a place lawfully prescribed by the ordinary in pursuance of law, it would not be void. We are of the opinion that the trial judge properly held that this election was not void for the reason that it was held at a place not prescribed by the proper county authorities. It follows that he properly refused to grant the injunction sought.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurring. The ordinary's power to provide the place at which the election should be held is derived from the Civil Code, § 4796, subsection 4, wherein he is granted "original and exclusive jurisdiction . . in establishing and changing election precincts."