**TOOHEY et al. v. TOWN OF CANTON et al.**

No. 27025.   Sept. 8, 1936.

I. H. Lookabaugh, for plaintiffs in error.

P. C. Lackey and Brown & McAfee, for defendants in error.

OSBORN, V. C. J. This action was instituted in the district court of Blaine county by G. A. Toohey and John F. Hall, as plaintiffs, wherein it was sought to enjoin the board of trustees and the town clerk of the town of Canton, Okla., from issuing certain bonds for the construction of a sewer system which had been authorized at a special election held on July 23, 1935. From a judgment in favor of defendants, plaintiffs have appealed. The parties will be referred to as they appeared in the trial court.

Plaintiffs take the position that the election was void for the following reasons: The town of Canton is divided into three wards, which necessitates the establishment of a voting place in each ward; that there was only one voting place, which was located in ward three, and that the votes cast by voters who lived in wards one and two were illegal and void; that the town officials who conducted the special election had been elected at a general election held in April, 1935, at which time only one voting place was designated, and therefore they were not the duly elected, qualified, and acting officers of the town and were without authority to conduct the special election; that at the time of the special election the town of Canton was indebted in excess of the constitutional limitation.

Plaintiffs rely upon the cases of Hall v. Turner, 125 Okla. 248, 257 P. 328; Munger v. Town of Watonga, 106 Okla. 78, 233 P. 211; and Goree v. Cahill, 35 Okla. 42, 128 P. 124. At the time these decisions were written, section 6134, C. O S. 1921, was in force and effect and provided that the territory of a voting precinct should not extend beyond the boundary line of a ward. It was pointed out in the case of Hall v. Turner, supra, that under the law in force at that time there must be established a voting precinct for each ward of an incorporated town.

Section 6134, supra, was amended by section 1, chapter 48, Session Laws 1927 (sec. 5683, O. S. 1931). Said act specifically authorized the county election boards to establish voting precincts in incorporated towns without regard to ward lines.

"Where an election is held by duly appointed officers, the presumption is that the votes received and counted by them are legal, and the burden is on the party attacking the same to show their illegality.

"Where it is sought to review the validity of an election on the ground of illegal voting, those seeking to overcome the result as declared by the election officers have the burden of proving, not only that illegal votes were cast in sufficient number to change the result, but by whom and for whom, or for what issue or question submitted, such votes were cast." Dunegan v. Town of Red Rock, 58 Okla. 218, 158 P. 1170; Goar v. Brown, 82 Okla. 227, 200 P. 156.

The presumption of regularity would apply to the general election held in April, 1935, at which time the town officials were elected, as well as to the special July election, authorizing the bond issue.

In view of the statutory provisions now in force, the burden was upon plaintiffs to establish the fact that there were three voting precincts within the town of Canton. An examination of the record discloses that plaintiffs have wholly failed to sustain such burden of proof. The only evidence offered on the point was introduced on behalf of defendants and would justify a finding to the effect that there was but one voting precinct within the town.

Sewers are public utilities within the meaning of the term as used in section 27, art. 10, of the Constitution. State ex rel. Edwards v. Millar, 21 Okla. 448, 96 P. 747. Section 27, art. 10, of the Constitution authorizes any city or town by a majority vote of qualified property taxpaying voters of such city or town, voting at an election held for that purpose, to become indebted in a larger amount than that specified in section 26, for the purpose of purchasing or constructing public utilities, or for repairing the same, to be owned exclusively by the city. City of Ardmore v. State ex rel. Best, 24 Okla. 862, 104 P. 913; State ex rel. Edwards v. Millar, supra; Adams v City of Hobart, 166 Okla. 267, 27 P. (2d) 595. There is no merit in plaintiffs' contention that the bonds are invalid as being in excess of the constitutional limitation upon indebtedness of a municipality.

The judgment of the trial court is affirmed.

McNEILL, C. J., and BAYLESS, BUSBY, and PHELPS, JJ., concur.