POLLING PLACE IN EACH PRECINCT The City of Commerce, Oklahoma, could not hold a special election at one polling place, but must have a polling place in each precinct. The Attorney General has considered your request for an official opinion where you state: "It would be appreciated if this office could have an opinion from you as to whether or not the City of Commerce, Oklahoma, could hold the special election at one polling place instead of the four polling places ordinarily used in city and state elections. The proposed special election would be for the purpose of the Housing Authority of the City of Commerce and the expense involved might be a deciding factor as to whether or not the election will be called. . . ." It is noted from the official records of the State Election Board that the City of Commerce contains four precincts. Your attention is directed to 11 O.S. 61 [11-61] (1961), which provides as follows: "Whenever the council of any city or the board of trustees of any incorporated town shall deem it advisable they may, by resolution or ordinance, authorize the mayor or president of the board of trustees to call a special election for the purpose of submitting to the qualified electors the question of the issuance of the bonds of said city or town of the granting of any franchise or for any purpose other than the election of officers. The mayor or the president of the board of trustees shall thereupon issue a proclamation calling such election and shall set forth therein the proposition or propositions to be voted on at such election, the time of opening and closing the polls, the number and location of the polling places, the names of the precinct officers, residents of the precinct, who shall conduct said election, which officers shall consist of inspector, judge, and clerk for each polling place, which officers shall also act as counters, and certify the result to the county election board, who shall canvass the returns as in case of regular elections. . . ." (Emphasis added) 11 O.S. Section 61[11-61] [11-61], supra, must be construed with 26 O.S. 93.2 [26-93.2] (1991), which provides as follows: "The word 'elections' as used in this Act is her, e declared to mean every general, primary, runoff primary, regular or special election held in this State, or in any county, city, town, township or precinct for the nomination or election of Federal, State, district, county, municipal or township officers or upon any issue submitted to the people of the State or any subdivision of the State." Section 61, supra, and Section 93.2, supra, are not in conflict. Section 61, supra, if construed alone, would indicate that it was the intention of the legislature, by using the words "precinct officers, residents of the precinct, who shall conduct the election," that there should be a polling place in each precinct, but, if that language should be deemed uncertain, it is made certain by Section 93.2, supra, which particularly provides that it applies to special elections called to vote upon any issue submitted to the people of the State or any municipality or subdivision of the State. In the second paragraph of the syllabus in Munger et al. v. Town of Watonga, et al., 106 Okl. 74,233 P. 211, the court stated as follows: "The president of the board of trustees of an incorporated town, in calling an election for the purpose of submitting to the qualified tax-paying voters the question of issuing municipal bonds for the construction of a utility, is authorized and empowered to designate the voting places, but where the town is divided into more than one voting precinct, he is required by law to designate one voting place in each precinct, and such requirement is mandatory." In the third paragraph of the syllabus of Munger et al. v. Town of Watonga et al., supra, the court stated: "Where the town was divided into regular election precincts and only one voting place was established for all voters of the town, where they were required to vote without regard to residence or registration, or refrain from voting, the election was void." In the body of the opinion of Munger et al. v. Town of Watonga et al., supra, beginning at page 212 the court stated: "This court, in Goree et al. v. Cahill et al., 35 Okl. 42,128 P. 124, Ann. Cas. 1914D, 549, said: "'The requirements of the law relative to the place of holding an election are generally held mandatory, and an election conducted at any other than the designated place is void.' "From an examination of the authorities cited in support of the text and the opinion just quoted, we think the law does not preclude changing the voting place from one place in the precinct to another, where some emergency has arisen or necessity therefor is made to appear. But in this case the designation of but one polling place in the town was not caused by any emergency. The argument advanced in favor of designating only one voting place is that it was in the interest of economy. While economy is commendable, it is not a sufficient reason for violation of statutes clear and unambiguous. In designating a polling place in only one precinct it made it necessary for all the qualified voters residing and registered in the other three precincts to violate the law in order to vote. . . It is therefore the opinion of the Attorney General that your question should be answered in the negative. The City of Commerce, Oklahoma, could not hold a special election at one polling place, but must have a polling place in each precinct. (W. Howard O'Bryan Jr.)